## STEPHEN L. BARTLETT CO. v. ARBUCKLE BROS.

(Court of Appeals of District of Columbia.  Submitted November 15, 1922.
Decided January 2, 1923.)

No. 1512.

1. **Trade-marks and trade-names and unfair competition ⊕43—Coffee and cocoa are of same descriptive properties.**

Coffee and cocoa are goods of same descriptive properties, within the meaning of the Trade-Mark Act (Comp. St. § 9485 et seq.).

2. **Trade-marks and trade-names and unfair competition ⊕43—"Havesome" is not deceptively similar to "Drinksum."**

"Havesome" as a trade-mark on cocoa is not similar in sound or appearance to "Drinksum," so as to be likely to cause confusion, and therefore may be registered as a trade-mark, though it conveys a suggestion similar to the other mark.

3. **Trade-marks and trade-names and unfair competition ⊕43—Sole question is whether honest use of mark will deceive.**

In proceedings for the registration of a trade-mark, opposed by the owner with existing mark, the sole question is whether an honest use of the mark to be registered will be likely to cause confusion in the trade or deceive purchasers.

Appeal from the Commissioner of Patents.

Application by the Stephen L. Bartlett Company for registration of a trade-mark, opposed by Arbuckle Bros.  From a decision of the Patent Office, sustaining the opposition, the applicant appeals.  Reversed.

Oliver Mitchell, of Boston, Mass., and A. V. Cushman, of Washington, D. C., for appellant.

Arthur C. Fraser and Louis E. Giles, both of New York City, and Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.  Appeal from a decision of the Patent Office in a trade-mark opposition proceeding, reversing the decision of the Examiner of Interferences, and sustaining the opposition to the registration by appellant, applicant below, of the word "Havesome" as a trade-mark on cocoa.  Shortly before applicant adopted this mark, the opposer, appellee here, adopted the word "Drinksum" as a trade-mark for coffee.

[1] It has been held that cocoa and coffee are goods of the same descriptive properties, within the meaning of the Trade-Mark Act (Comp. St. § 9485 et seq.).  Baker Co., Limited, v. Harrison, 32 App. D. C. 272.  The question with which we are here concerned, therefore, is whether the marks themselves are deceptively similar, for otherwise the opposition should be dismissed.

[2] That the words involved here are not confusingly similar in appearance or sound we think is apparent, and unless we are to rule that the adoption of a suggestive mark by one trader precludes all other

traders from employing another mark of similar suggestiveness, but entirely different in appearance and sound, applicant is entitled to registration. In his opinion, reversing the Examiner of Interferences, the Assistant Commissioner said:

"It may be admitted that the labels submitted are not similar, and that the appearance of the words 'Havesome' and 'Drinksum' are not similar. It may be admitted that the sounds of the two words, when pronounced, are not similar."

[3] The cases cited by the appellee and alluded to in the decision of the Assistant Commissioner, involving unfair competition, have no application here, where we are concerned solely with the question whether an honest use of the mark to be registered will be likely to cause confusion in the trade or deceive purchasers. The scope of our inquiry being thus restricted, we agree with the Examiner of Interferences that these two marks are not deceptively similar, and hence that the applicant is entitled to registration.

The decision therefore is reversed.

Reversed.