## J. P. HEILBRONN CO. v. HAMMERMILL PAPER CO.

Patent Appeal No. 2720.

Court of Customs and Patent Appeals.
April 29, 1931.

Warner I. Cubberley, of Washington, D. C., for appellant.

Merrell E. Clark, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal involves a petition for the cancellation of appellee's trade-mark. The petition was dismissed by the Examiner of Interferences, and his decision was affirmed by the Commissioner of Patents, and from the latter's decision this appeal is taken.

The Hammermill Paper Company of Erie, Pa., hereafter called Hammermill, on March 31, 1925, registered the trade-mark "Luna" for bond writing paper. The date of the first use of this trade-mark of the registrant in interstate commerce was in February, 1924, and ever since that date Hammermill has shipped large and increasing quantities of bond writing paper bearing the trademark "Luna Bond, Made in U. S. A.," into various states and into many different countries of the world.

In December, 1924, appellant, J. P. Heilbronn Company, hereafter known as Heilbronn, placed upon the market in competition with Hammermill its own bond writing paper bearing the trade-mark "Luna Bond"; the words being printed in the same style as that of Hammermill, and accompanied by a crescent or half-moon, with the outline of a face in the hollow of the crescent.

The Oregon Pulp & Paper Company, of the state of Oregon, was the manufacturer of

the paper for Heilbronn. When Hammermill objected to the said paper company manufacturing the paper, Heilbronn gave the paper company an indemnity bond, and then proceeded to petition for cancellation.

Heilbronn's first ground for cancellation is based upon the fact that, prior to the use of the word "Luna" by Hammermill, appellant had used, upon other kinds of paper such as pads, wrappers, booklets, etc., a trade-mark which was described by the Commissioner in his decision as:

" * * * The representation of a crescent within the concave portion of which appears a representation of a man's face, and a representation of a five-pointed star enclosing the letter "H" appears hung or suspended from the upper horn of the moon crescent. * * *"

Heilbronn's position is that, since that symbol includes the crescent, and since it claims that "Luna" is the Spanish word for moon, the use of the Hammermill trade-mark "Luna" will lead to confusion and to the damage of Heilbronn; that, since "Luna" means moon in Spanish, appellee's mark "Luna" in Spanish countries will be confused by the paper purchasing public with appellant's so-called crescent mark.

Appellant further contends that appellee has not shown "clean hands" as based upon facts which will be briefly stated: American Paper Exports, Inc., was the selling agency for Hammermill, and S. Allen Presby was the agent and customer of said American Paper Exports, Inc., in the Philippine Islands. In 1924, when a shipment of Hammermill's "Luna" goods, shipped by American Paper Exports, Inc., arrived in the Philippines, Heilbronn brought suit against Presby and another for injunction and damages, basing its suit on Heilbronn's Philippine registered trade-mark, which mark consisted of the crescent and the star inclosing the letter "H." In settlement of the suit, it was agreed that Presby would not import paper bearing the "Luna" trade-mark into the Philippines, and that the mark "Luna" or "Luna Bond," in the Philippines, was owned by Heilbronn.

This evidence was evidently offered on the theory that it amounted to an admission by Hammermill that, by the use of its trade-mark "Luna," it was infringing appellant's mark. It is nowhere shown that the parties to the contract had any authority to contract with reference to appellee's trade-mark rights, and we regard it of no importance in the determination of the issues before us.

The record shows that appellee sold its goods in Cuba prior to any sale of the same being made in the Philippines, and that the word "Luna" is the name of a party in Cuba who ordered some of appellee's goods.

The word "Luna," both in the English and Spanish languages, has reference to the moon. Appellant states that "Luna" means moon; that it means a moon goddess, and that "Lunar" is defined as "pertaining to or resembling the Moon, orbed or crescent."

Appellant argues that, under a long line of decisions, which it cites, the use of a word has the same effect as the use of a picture, if the word means the same as the picture. One of the leading cases on this subject is In re Maclin-Zimmer-McGill Tobacco Co., Inc., 49 App. D. C. 181, 262 F. 635, where it was held that the right to employ a symbol necessarily included the right to employ the word. Another case cited is G. Sindenberg and Co. v. W. H. Childs and Son, 146 M. D. 345, 15 T. M. Rep. 237, where the word "Capitol" was refused registration by reason of the registered trade-mark consisting of a picture of the Capitol.

The difficulty with appellant's contention in this regard is that his trade-mark does not consist of a moon. It does not purport to be the representation of a moon. A portion of it may be said to be a crescent or part of a moon with a grotesque face, accompanied by a star hanging to the upper horn, in which star is the letter "H." There is no evidence of consequence in the record that appellant ever used the word "moon" or the picture of a moon or the word "Luna" in connection with the sale of its goods prior to appellee's use of the word "Luna." Conceding that appellant had the right to the exclusive use of the trade-mark used by it prior to the date of appellee's use of its "Luna" mark, appellee had the right to register its mark, and appellant's cancellation proceeding must fail if it is not likely that confusion will result from the concurrent use of both marks on goods of the same descriptive properties.

Appellant's mark, which was used prior to appellee's use of its "Luna" mark, we think was used upon goods of the same descriptive properties as those of appellee, yet it is conceded that they were not exactly the same kind of goods. The marks being neither similar in appearance nor sound, we do not believe there is now, or was on the date appellee registered its mark, any likelihood of confusion arising from the concurrent use of both marks. The record as a whole shows no actual confusion or circumstances and facts which would indicate likelihood of con-

fusion. The right of appellee to use in connection with its mark a picture or a representation of a moon or any part of the same or to characterize its goods as moon goods either here or in Latin countries is not before us. Its registration is for the use of the word "Luna" on bond writing paper, and we are unable to see how appellant could be damaged in the use of its combination mark.

We agree with the decision of the Commissioner of Patents, and the same is affirmed.

Affirmed.