## In re DUTCH MAID ICE CREAM CO.
### Patent Appeal No. 3935.

Court of Customs and Patent Appeals.
March 28, 1938.

Lester L. Sargent, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming that of the Examiner refusing to register the trade-mark "Dutch Maid," accompanied by a picture of a landscape including a Dutch girl, a windmill, and two cows, as applied to ice cream.

Both the Examiner and the Commissioner held that the mark sought to be registered is confusingly similar to a previously registered trade-mark, "Dutchland Made," which is applied to ice cream.

Since the use of the two marks is on identical goods, the sole question before us is whether they are so similar as to be likely to cause confusion in trade. Appellant states that there is a material difference in sound between "Dutch" and "Dutchland." With this we must agree. However, the same difference does not apply to the sound of "maid" and "made." As to the picture showing treeless flat land, an old Dutch windmill, the girl in dress which is Dutch from her cap to her wooden shoes, we are of opinion that it represents a scene which would naturally be called Holland or Dutchland. The picture would seem to have the same effect as the registered mark "Dutchland."

Appellant would not be entitled to register the word "Dutchland" because of the prior registration. Neither could he register as a trade-mark a picture which conveys the same meaning as the word. Apparently this is precisely what he seeks to do by including the picture with the words, all of which he seeks to register.

The law is well settled in this respect in the case of In re Canada Dry Ginger Ale, Inc., 86 F.2d 830, 832, 24 C.C.P.A., Patents, 804. The court there said that: "it is well established that the use of a word has the same effect as the use of a picture if the word meaning is the same as the meaning of the picture. Heilbronn Co. v. Hammermill Paper Co., 48 F.2d 963, 18 C. C.P.A., Patents, 1307. It necessarily follows that the converse must be true—that the use of a picture has the same effect as the use of a word if the picture means the same as the word."

The words "maid" and "made" have not the same spelling, but, from what has hereinbefore been stated, we think it quite clear that joining the picture, which seems to have the same meaning as the word "Dutchland," to the words "Dutch Maid," on a product identical with that to which the registered mark is applied, would be likely to cause confusion in trade.

The words "maid" and "made" have precisely the same pronunciation, and since the radio is one of the largely used mediums of advertising products, sound is of great importance and must enter as a very necessary factor in considering the question of likelihood of confusion in trade. The difference in the words "Dutch Maid" and "Dutchland Made," both as applied to ice cream, is so slight that we

264

are of opinion a listener to radio advertising could very easily confuse the one for the other. See Part, Inc. v. Sormani, 80 F.2d 78, 23 C.C.P.A., Patents, 773.

Ice cream is an inexpensive food product and of common everyday use. The radio listener would not be expected to give attention to the pronouncing of the names with the same degree of care as he would if the product were more expensive or rarely purchased. Lever Brothers Co. v. Riodela Chemical Co., 41 F.2d 408, 17 C.C.P.A., Patents, 1272.

■ The fact, as urged by appellant, that his goods are not advertised by radio does not change the situation. As a prudent business man he probably would so advertise if in his opinion it would result in better business for him.

■ Appellant argues that his product is sold only in his own state of North Dakota and the adjoining states of the Middle Northern section of the United States, whereas the product of the registrant is sold in the New England states, New York and New Jersey. Apparently this is to the point that there would be no likelihood of confusion in trade on identical goods. This does not warrant discussion. Trade practice can be changed from time to time. It is not unreasonable to picture a business, which has developed such large territorial scope as that of both appellant and registrant, continuing to increase its horizon of trade until they might each be serving the same territory.

■ Appellant has called to the court's attention several decisions in view of which he contends the decision of the Commissioner should be reversed. The facts and circumstances, here, however, are so clear that we deem it unnecessary to make reference to them. In this respect we follow the rule laid down in the case of Duro Pump & Mfg. Co. v. Thomas Maddock's Sons Co., 36 F.2d 1005, 1006, 17 C.C.P.A., Patents, 785, in which the court said that, "in trade-mark proceedings, as in other cases, the issues must be determined in accordance with the facts and circumstances of the particular case before the court."

For the reasons herein set forth, we think the Commissioner of Patents arrived at the correct conclusion, and his decision is, accordingly, affirmed.

Affirmed.