25 C.C.P.A.(Patents)

### In re ONE MINUTE WASHER CO.
### Patent Appeal No. 3932.

Court of Customs and Patent Appeals.
March 28, 1938.

Paul Finckel, of Washington, D. C., and Bair & Freeman, of Chicago, Ill. (W. P. Bair and Will Freeman, both of Chicago, Ill., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges:

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying appellant's application for registration under the Trade-Mark Act of February 20, 1905, as amended, 15 U.S. C A. §§ 81–109, of the trade-mark "One Minute" for use on washing machines and parts thereof.

It appears from the record that appellant and its predecessor in business has used its trade-mark on its washing machines since 1905; that the mark was used originally on manually operated machines, and later on power operated machines; and that the time required for washing clothes in appellant's machines is from seven to eleven minutes, depending on the size of the machine, the amount of clothes being washed, and the kind of soap and water used.

There are affidavits of record by the president and vice president, and also by one of the attorneys, of the appellant company. It appears therefrom, among other things, that the witnesses had conversed with many buyers, dealers, jobbers, and users of appellant's machines, and that no one was ever found who thought that the trade-mark "One Minute" either described or was misdescriptive of appellant's goods.

The tribunals of the Patent Office were not impressed with the evidence of record, and concurred in holding that appellant's trade-mark was either descriptive or misdescriptive of the goods of appellant, and, therefore, was not entitled to registration.

In his decision, the Examiner stated that:

"The expression 'One Minute' is believed to be directly descriptive of a characteristic (or the character) of applicant's goods in that it indicates the speed of operation of applicant's machines. That is to say, it indicates that these machines will wash a given quantity of clothing, as much, for instance as the machine will hold, in one minute.

"Marks of this type have been uniformly refused registration as being descriptive.

"The decision in Ex parte Champion Spark Plug Company, 259 O.G., 183, of record, is believed to be squarely in point and controlling. Other decisions directly in point are Ex parte Whitman Grocery Company, 100 O.G., 1763, and Ex parte King Coffee Products Corporation, 12 T. M.Rep. 260, 139 Ms.D., 437, in which the term 'Minute' was held descriptive for malted cereal coffee, and for coffee, respectively."

Other cases were cited by the Examiner and referred to by him as being analogous to the issues in the instant case.

In affirming the decision of the Examiner, the Commissioner said:

"Applicant argues that as no washing machine has yet been developed 'which would wash a garment or a batch of garments in one minute,' it necessarily 'follows that "One Minute" is not truly descriptive of applicant's product'; and suggests that the real basis of the ex-

aminer's ruling must have been that he considered the mark to be misdescriptive. On this assumption the question of misdescriptiveness is discussed in the brief at considerable length, and the conclusion urged is that 'no one with the slightest familiarity with washing machines would be deceived by the use of such a mark * * * because everybody who knows anything about such washing machines knows that they will not wash a batch of clothes in one minute.' As a precedent is cited the case of Holeproof Hosiery Co. v. Wallach Bros., 172 F. 859, where it was held by the Circuit Court of Appeals for the Second Circuit that the expression 'Holeproof,' as applied to hosiery, was neither descriptive nor false and misleading because 'No one surely can be misled into the belief that holes will not appear in complainant's socks if they are worn long enough.'

"I do not think that reasoning applies here. Conceivably many prospective purchasers of applicant's goods, while knowing that socks inevitably wear out, may nevertheless be without 'the slightest familiarity with washing machines'; and to such uninformed individuals the term 'One Minute' could rationally convey no other meaning than that pertaining to the machine's speed of operation."

It clearly appears that appellant's machines will not wash clothes properly in less than seven minutes (the ordinary time being from seven to eleven minutes, depending upon the conditions hereinbefore mentioned).

We think it is obvious that appellant's mark is not descriptive of washing machines, or of any of their characteristics or qualities.

If the involved trade-mark conveys to the general public the thought that the machines on which it is used will wash clothes properly in one minute, it is obviously misdescriptive and deceptive, and, for that reason, is not entitled to registration.

■ The courts have frequently held that a word or words might be descriptive when applied as a trade-mark to one article, and merely suggestive or fanciful and arbitrary when applied to another, and that each case must be determined in accordance with its own facts and circumstances. The proposition is so elementary as to require no citation of authority.

The trade-mark "One Minute" might well be held to be either descriptive or misdescriptive when used on one article, and merely suggestive, fanciful, or arbitrary when used on another.

Although in the case of Bennett et al. v. McKinley et al., 2 Cir., 65 F. 505, the Circuit Court of Appeals, Second Circuit, held the word "Instantaneous" to be descriptive as applied to finely ground tapioca, which was adapted for immediate use without the "preliminary soaking required by other preparations," it, of course, did not suggest that it might not be a valid trade-mark if applied to some other article.

In the case of Ex parte Lufkin Rule Company, 1911 C.D. 16, the Commissioner of Patents held that the term "Instantaneous" was unregisterable for use on measuring tapes, because it conveyed the idea that the tape might be read instantly or without loss of time.

In the case of Ex parte Champion Spark Plug Company, 1919 C.D. 7, the Commissioner of Patents held the trade-mark "Minute," for use on spark plug cleaner, to be unregisterable, on the theory that it merely described one of the characteristics of the cleaner—the time required to clean spark plugs. However, the Commissioner distinguished between the use of the word "Minute," as a trade-mark on spark plug cleaner, and the words "Lightning" and "Minute" as trade-marks for use, respectively, on carbon remover and automobile wheels, stating that in "both these cases some exercise of fancy is necessary to get at the meaning"; that is, that, in order to understand the meaning intended to be conveyed by the trademarks "Lightning" and "Minute," when used, respectively, on carbon remover and automobile wheels, it was necessary to exercise the powers of perception and imagination.

The same test, relative to the question of descriptiveness of a trade-mark, was applied by the Circuit Court of Appeals, Fourth Circuit, in the case of W. G. Reardon Laboratories v. B. & B. Exterminators, 71 F.2d 515, 517, in holding that the trade-mark "Mouse Seed," for use on a rodent exterminator, was not descriptive. The court said: "Mature thought would probably lead to but one conclusion that a mouse poison was indicated—but it requires thought to reach this conclusion.

The words used together possess an element of incongruity which make them unusual and unique and therefore, in our opinion, a valid trade-mark."

In the case of Holeproof Hosiery Co. v. Wallach Bros., 172 F. 859, 860, the Circuit Court of Appeals, Second Circuit, in holding that the trade-mark "Holeproof," for use on hosiery, was not misdescriptive or deceptive, among other things, said: "No one surely could be misled into the belief that holes will not appear in complainant's socks if they are worn long enough, and it is difficult to conceive that any one could be fatuous enough to suppose that by the use of such a word he could deceive people by inducing a belief that the goods to which it was applied would never wear out. It is a boastful and fanciful word."

A solution of the problem confronting us is not free from difficulty.

The goods on which appellant uses its mark are washing machines. They are comparatively expensive articles, and are not purchased carelessly.

Appellant's mark is clearly not descriptive of its goods. Is it misdescriptive, and, therefore, deceptive? Would a purchaser, on seeing the trade-mark "One Minute" on one of appellant's washing machines, be misled into believing that such machine would wash clothes properly in one minute? We think not.

It seems to us that, in order to understand the meaning intended to be conveyed by appellant's trade-mark, it would be necessary for one to exercise his powers of perception and imagination, and that, by so doing, he would conclude that the trade-mark was merely intended to convey the idea that appellant's machines were so constructed that they would wash clothes with celerity.

Appellant's trade-mark is intriguing, and, although it may suggest a desirable characteristic of the goods on which it is used, is, in our opinion, purely fanciful and arbitrary.

We deem it unnecessary to discuss other cases cited in the decision of the Examiner of Trade-Marks and by counsel for the parties.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.