32 C.C.P.A.(Patents)

## INTERNATIONAL VITAMIN CORPORATION v. WINTHROP CHEMICAL CO., Inc.

Patent Appeal No. 4951.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

James Atkins, of Washington, D. C., for appellant.

James F. Hoge and L. B. Stoughton, both of New York City, and Thomas L. Mead, Jr., of Washington, D.C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

On August 22, 1940, International Vitamin Corporation filed its application to register the trade-mark "Blexin" appearing in large block letters over a small circle across which are the letters "I. V. C." above "The House of Vitamins" in small handwriting. The latter words were disclaimed. The trade-mark is applied to a Vitamin B Complex preparation.

On October 22, 1941, International Vitamin Corporation assigned and sold to American Home Products Corporation all its right, title and interest in and to certain trade-marks, among which was listed the mark "Blexin." The assignment was duly recorded in the Patent Office and, upon application by International Vitamin Corporation, American Home Products Corporation was substituted as assignee.

The trade-mark was published in the Official Gazette for December 31, 1940, and subsequently appellee filed its notice of opposition, alleging continuous use since February 20, 1939 of the trade-mark "Betaplexin" duly registered in the Patent Office on July 18, 1939 for a Vitamin B Complex preparation. Opposer alleged its belief that it would be damaged by the registration sought in that the resemblances between the two marks would be likely to cause confusion and mistake in the mind of the public and to deceive purchasers.

Both parties took testimony, which it is not necessary to discuss for the reason that it is admitted the goods of the parties are identical and that appellee's use of its mark is prior to that of appellant. Therefore the only question to be decided here is whether or not under those circumstances the mark of appellant is confusingly similar to the mark of appellee.

The Examiner of Interferences held that the resemblances in the marks preponderated over the differences and further stated that "it is believed that there is a reasonable doubt that confusion in trade would be likely to result from the concurrent use of these marks upon goods of the kind specified." The examiner sustained the opposition and further adjudged that appellant was not entitled to the registration for which it made application.

The Commissioner of Patents, upon appeal, affirmed the decision of the Examiner of Interferences. 57 U.S.P.Q. 417. From that decision this appeal was taken.

There can be no doubt that the word "Blexin" is the dominating feature of appellant's mark. It is clear that the purchasing public in buying appellant's product would, we might say invariably, ask for it by the name "Blexin." It is inconceivable that the purchaser would ask for "Blexin, I. V. C., The House of Vitamins." Goods are not purchased in that fashion.

It appears to us that the last two syllables of appellee's mark would remain in the mind of a user of appellee's product, and that the pronunciations of "plexin," the last two syllables of appellee's mark, and "Blexin," the dominating feature of appellant's mark, are almost idem sonans. We are of opinion that the first two syllables of appellee's mark, "Beta," being the Greek equivalent of the English "B," the one is to all intents and purposes practically identical with the other, and that the word "Blexin" might well be termed a telescoped version of the mark "Betaplexin." For these reasons we hold that registration of appellant's mark was properly refused.

Many cases have been cited by both parties, but as we have often held in trade-mark litigation such as comes to this court, each case must of necessity be decided on its own facts, and precedents

are of very little help in deciding such cases. In re Dutch Maid Ice Cream Company, 95 F.2d 262, 25 C.C.P.A.,Patents, 1009.

The decision of the Commissioner of Patents is affirmed.

Affirmed.