33 C.C.P.A.(Patents)

CELANESE CORPORATION OF AMERICA
v. E. I. DU PONT DE NEMOURS
& CO.

Patent Appeal No. 5101.

Court of Customs and Patent Appeals.
March 6, 1946.

I. Seltzer and C. W. Levinson, both of New York City, for appellant.

Stone, Boyden & Mack, of Washington, D. C. (Wilson C. Baily, of West Chester, Pa., and J. Hanson Boyden, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents, rendered by the First Assistant, 62 U.S.P.Q. 93, affirming the action of the Examiner of Trade-Mark Interferences in sustaining the opposition of appellee, owner and user of the trade-mark "Cordura," to the registration of appellant's mark "Celdura."

Appellee took testimony in support of its case, appellant being present and subjecting the witnesses to cross-examination.

Appellant concedes that the merchandise to which the marks are appropriated is of the same descriptive properties within the meaning of Section 5(b) of the Trade-Mark Act of 1905, 15 U.S.C. sec. 85(b), 15 U.S.C.A. § 85(b).

Appellant contends, however, that the concurrent sale of the merchandise under the competitive marks by the parties would not be likely to cause confusion because of the specific differences in the goods, the purchasers thereof "are exceedingly discriminating," and the marks are sufficiently different in sound, meaning, and appearance.

Appellant urges that there are other factors which the court should also consider in determining the likelihood of confusion, such as the manner in which appellee uses its trade-mark and the breadth of protection obtained by appellee by the registration of its mark.

The application of appellant is for the registration of its mark as appropriated to "Piece Goods Made Wholly or Partially of Cellulose Derivatives" and appellee's mark is for "viscose yarns, threads, and filaments."

Relative to the contention that the goods are specifically different and that the class of purchasers are exceedingly discriminating, appellant states in its brief—

"* * * The appellant's fabrics may be sold directly to the public as well as to garment manufacturers, but the appellee's yarns are sold only to mills and manufacturers for weaving into fabrics, for knitting into garments, for tire cord manufacture, etc., but never to the public direct.

\* \* \* \* \*

"While it may be true that the respective goods may reach the same ultimate consumers, it will be noted, as hereinbefore pointed out, that when the appellee's yarns reach the ultimate consumer in the form of fabrics or garments, the labels or tags always bear the name Du Pont in association with Cordura, both names having equal prominence in many cases."

A careful analysis of the testimony and exhibits presented establishes the fact that the merchandise sold by appellee under its mark "Cordura" is a product known as "rayon" which has a modified cellulose base and, like the goods of appellant, is a cellulose derivative.

In selling its rayon to the manufacturer for the production of such articles as curtains, dress goods, and fabrics, appellee supplies the manufacturer with enormous quantities of stickers, labels, and tags so that the finished articles when sold to the public and made of "Cordura" yarn and threads have a tag or label attached thereto which denotes the origin of the goods.

The import of appellant's argument is that appellee by the application of its label and by its use of the name "Du Pont" in advertising the goods, eliminates all possibility of actual confusion. The absence of actual confusion, however, is not a controlling factor in an opposition proceeding for the reason that the statute prohibits the registration of a mark that is "likely" to cause confusion. See also Celanese Corporation of America v. E. I. Du Pont De Nemours & Company, 154 F.2d 143, 33 C.C.P.A., Patents ——.

Although appellee does not now deal directly with the purchasing public, trade practices in this respect may change and there is no restriction in appellee's registration of the mark that prohibits such a

development in the normal extension of its business. Moreover, the fact that the merchandise is sold to a discriminating class of purchasers, if established, would not of itself be controlling here if the contested marks so nearly resemble one another as to be confusingly similar. See Schering & Glatz, Inc. v. Sharp & Dohme, Inc., 146 F. 2d 1019, 32 C.C.P.A., Patents, 827.

As hereinbefore noted, the contested marks are "Cordura" and "Celdura." Both words are employed in the marks with capital letters and are coined words neither of which is recorded in any dictionary reference. "Cordura" has been used by appellee as a registered trade-mark in the sale of its goods since July 23, 1935. Some seven years after appellee had thus introduced the use of its mark, appellant applied for the registration of its mark "Celdura" as appropriated to merchandise of the same descriptive properties.

Appellant contends that the two marks differ greatly in their sound; and "Although both marks begin with the letter 'C' the difference in sound between the soft 'Cel' of the appellant's mark and the hard 'Cor' of the appellee's mark is so great that it outweighs by far the similarity in the terminal portions of the marks." According to appellant—

"* * * This portion of the marks is merely descriptive or suggestive of the nature of the goods, indicating that the yarns and fabrics possess the property of durability. This portion of the marks, 'Dura,' is, therefore, in the public domain and should not be given the same weight as the remaining portions of the marks."

The statute provides that a term which is merely descriptive shall not be registered for the reason that any one in the same line of business may not be deprived of the right to use such word or words in describing the goods which he offers for sale.

■ A word applied as a mark to one article may be merely descriptive of it and registration would be accordingly prohibited. But the same word appropriated as a mark to another article may be merely suggestive, that is, purely fanciful and arbitrary, and its registration would be accordingly authorized and protected. See In re One Minute Washer Company, 95 F.2d 517, 25 C.C.P.A., Patents, 978.

A term which is merely descriptive of the article to which the mark is appropriated cannot at the same time be regarded as merely suggestive of it within the meaning of the law. The term "Dura" may be suggestive of durability but appellant has cited no reference in support of its contention that the term is merely descriptive and in the public domain.

In the contested words, each has the identical first letter and the identical last two syllables. In fact, the only difference in the orthography of the words is to be found in the two letters preceding the terminal portion of the respective marks, "Dura."

■ That both marks considered as a whole are similar in meaning and appearance cannot be doubted. When spoken as written they sound very much alike. Similarity of sound alone, under such circumstances, is sufficient to cause the marks to be regarded as confusingly similar when applied to merchandise of the same descriptive properties. Skol Company, Inc. v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents ——.

In the briefs of counsel each side in support of its position presents an extensive list of words involved in previous trademark decisions in which the applicant's mark with but few exceptions was applied either to identical merchandise or to merchandise of the same descriptive properties. In appellant's tabulated list, the court authorized the registration of the applicant's mark, while in the list presented by appellee, registration of the mark was prohibited.

■ It has been frequently stated, in effect, that "Prior decisions, except as to statements of law, have but little bearing on the issues presented in trade-mark opposition cases, because of differences in facts." See Lactona, Incorporated v. Lever Brothers Company, 144 F.2d 891, 893, 32 C.C.P.A., Patents, 704; International Vitamin Corporation v. Winthrop Chemical Co., Inc., 147 F.2d 1016, 1017, 32 C.C.P.A., Patents, 899. In the case last cited, the court made the following observation which is particularly pertinent:

"Many cases have been cited by both parties, but as we have often held in trademark litigation such as comes to this court, each case must of necessity be decided on its own facts, and precedents are of very little help in deciding such cases. In re Dutch Maid Ice Cream Company, 95 F.2d 262, 25 C.C.P.A., Patents, 1009."

■ The contested marks in the case at bar so nearly resemble one another as to be

likely to cause confusion in the mind of the public when concurrently used by the parties on merchandise of the same descriptive properties. It is unnecessary therefore to consider other incidental points which were discussed and properly decided by the Commissioner of Patents, and his decision in this case is accordingly affirmed.

Affirmed.

GARRETT, Presiding Judge (concurring).

I am in entire agreement with the reasoning and conclusion in this case, but in view of the reasons given for my dissent in Celanese Corporation of America v. E. I. Du Pont De Nemours & Company, 154 F.2d 143, 33 C.C.P.A., Patents, ——, I deem it proper to direct specific attention to the fact that in this case "DuPont" is no part of appellee's registered mark here involved.