**LEE et al. v. PARK LANE TOGS, Inc.**

United States District Court
S. D. New York.

Oct. 11, 1948.

Erwin Feldman, of New York City (Joseph Walker, of New York City, of counsel), for plaintiffs.

Marco J. Shemaria, of New York City, for defendant.

LEIBELL, District Judge.

The complaint is based on unfair competition. It alleges that defendant has used the words "Park Lane" in its corporate name and trade-mark in selling women's apparel, of the same quality and character as the merchandise manufactured and sold by plaintiff under plaintiff's trade-mark "Park Lane", that sales are made by defendant to the same class of retail outlets as those to which plaintiff's are sold, and that the general public is misled and deceived into believing that the defendant's affairs are those of the plaintiff and that defendant's business is that of plaintiff's. An injunction is prayed for restraining the defendant "from using the trademark of 'Park Lane' or any name similar thereto as a part of its corporate name, and from selling or advertising its goods under any name containing the words 'Park Lane' either alone or in association with other words, and from holding out or representing its business by the means of the use of said name as in any way connected with the plaintiffs". Damages are also sought.

Defendant's answer contains denials and also certain allegations which are later incorporated by reference in a counterclaim for a declaratory judgment, 28 U.S.C.A. § 2201, that plaintiff's trade-mark is "void and invalid" because it is not susceptible of exclusive use and has been subject to prior use by others (not the defendant) and has been so used for various types of merchandise, including women's dresses.

Plaintiff is not suing for any infringement of a trademark. The suit is for unfair competition wherein plaintiff will attempt to establish that the words "Park Lane" have in the manufacture and sale of women's apparel acquired a secondary meaning in the trade and are associat-

ed with the name of plaintiff as the manufacturer. Even though at other times or in other parts of the country a manufacturer (other than this defendant) may have used the trademark "Park Lane" before plaintiff used it, that would not in and of itself constitute a bar to plaintiff's suit for unfair competition against this defendant. Del Monte Special Food Co. v. California Packing Corporation, 9 Cir., 34 F.2d 774, and cases cited therein; Potter-Wrightington, Inc., v. Ward Baking Co., D.C., 288 F. 597 affirmed 1 Cir., 298 F. 398; R. J. Reynolds Tobacco Co. v. Allen Bros. Tobacco Co., C.C., 151 F. 819; Nims "Unfair Competition and Trade Marks", 4th Ed., § 384.

The allegations of defendant's counterclaim, as a defense, will be before the trial court under other allegations of the answer. No declaratory judgment is necessary for a determination of the controversy in this case. Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321. The instances in which courts have refused to dismiss a counterclaim for a declaratory judgment in a patent infringement, or trademark infringement, or copyright infringement suit, are not in point.

Plaintiff's motion to dismiss the counterclaim is granted.