37 C.C.P.A. (Patents)

**GEORGE ZIEGLER CO. v. TOM HUSTON PEANUT CO.**

**Patent Appeal No. 5645.**

United States Court of Customs and Patent Appeals.

Argued Jan. 9, 1950.

Decided April 3, 1950.

Ira Milton Jones, Milwaukee, Wis., for appellant.

Mason, Fenwick & Lawrence, and Edward G. Fenwick, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

On February 12, 1945, appellant filed its application, serial No. 479,743, for registra-

tion of the trade-mark "GIANT," as applied to "Candy Confection." Publication of the application appeared in the Official Gazette of the United States Patent Office, dated August 21, 1945. In September of that year, appellee filed its notice of opposition to the registration.

The notice related to the descriptiveness clause of section 5 of the Trade-Mark Act of 1905, 33 Stat. 725, as amended, as statutory ground for denying the registration sought by appellant. Appellee in the notice of opposition alleged that the use of the term in issue was intended to convey to the purchasing public the notion that the candy bars of the parties are a large and substantial value for the price of five cents. It also alleged that on April 10, 1944, appellant charged it with infringement of the word "GIANT," as applied to candy bars, and demanded that appellee cease its use of the words "GIANT BAR" on its products, which demand was refused by appellee.

Testimony of witnesses for both parties and several paper exhibits make up the record upon which the Examiner of Interferences sustained the notice of opposition and held that appellant was not entitled to the registration applied for. Upon appeal, the decision of the examiner was affirmed by the Commissioner of Patents, 76 U.S.P.Q. 332, and from his decision this appeal was taken.

It appears that the trade-mark had been continuously used by appellant in its business since about 1911, but only as applied to five cent candy bars, each of which bore the mark "GIANT BAR." Appellee applied the same term to its product, candy bars, since about 1933 in the expression "TOM'S GIANT BAR."

There can be no question but that the goods of the parties are identical and it is obvious that the only issue for determination is whether or not the word "GIANT" applied to candy bars is descriptive. It is contended by appellee that the term is descriptive of the goods, which contention is denied by appellant. Dictionary definitions have been quoted by both parties to sustain their respective positions.

The Examiner of Interferences noted that the adjective "GIANT," as defined in *Webster's Dictionary* is some one or thing "extraordinary in size, strength or power," and in *Funk and Wagnall's New Standard Dictionary* as possessing "gigantic size or properties." He stated that the word "GIANT" used in the expression "GIANT BAR" made it apparent to the ordinary purchaser of such merchandise that it would be of great size, and therefore was merely descriptive of the goods to which it was applied.

The commissioner held that the mark could not be registered because it is descriptive, and further stated that if it is not properly descriptive of the goods, as contended by appellant, it would merely show the mark to be misdescriptive.

It seems to us that the decisions of the tribunals of the Patent Office are without error. We have no doubt that the word "GIANT" means some thing or person extraordinarily large. It has been used by advertisers in the ever widening meaning of words in the English language to such an extent that almost anything might be properly so termed in exaggerating the qualities or properties of the wares sought to be sold. We see almost daily, advertisements by shops called "Super" or "Giant." We read of giant cans of edibles and giant sizes or quantities of vegetables. In the gymnasium we see the giant swing performed on a horizontal bar. We know of the giant pine, fir and redwood trees of our Western forests. The ordinary meaning of the word sought to be registered applies to so many things that are larger in some respects to the same things of ordinary size, that, in our opinion, as far as the facts in this case are concerned, it may not properly be registered as a trade-mark.

Numerous cases have been cited by both parties and various dictionary definitions are contained in their briefs. It is trite to state that in registration proceedings, as they come before this court, previously decided cases are of little or no value because each issue must be adjudicated on its own individual facts and circumstances.

Below and here, counsel for appellant stresses the decision in the case of Hercules Powder Co. v. Newton, 2 Cir., 1920, 266 F. 169. In that case it was held that the word "Infallible," as applied to explosives, was descriptive, and therefore not registerable. Counsel noted, it was stated there, that explosive powder bearing the mark "HERCULES" would be suggestive, but no one but the Hercules Powder Company could apply that name to its powder. However, no one could properly suppose that the word "GIANT" in connection with explosives is registrable for the reason that blasting powder is known to all who are familiar with its use as "GIANT POWDER."

Counsel for appellant further directs attention to the term "GREEN GIANT" which appears in the commissioner's decision in Minnesota Valley Canning Co. v. Bozeman Canning Co., 42 U.S.P.Q. 605, for the purpose of showing that the mark "GREEN GIANT," as applied to green peas, was registered in the Patent Office. He argues that the expression "GIANT" is more nearly descriptive of the article to which it was there applied than it is to candy bars. That case is not apposite here, as was noted by the Examiner of Interferences, for the reason that the question of descriptiveness was not involved. Neither was such question involved in the commissioner's decision in the case of Minnesota Valley Canning Co. v. Oconomowoc Canning Co., 57 U.S.P.Q. 127. That decision was in a cancelation proceeding, and the registered mark "BIG GREEN" was sought to be canceled because it was descriptive of the peas, as being large and green. It is obvious that those cases have no bearing on the present issue.

It may well be that the term "GIANT" might be properly considered as registrable when used in some other connection, but in our opinion it may not be registered, as applied to the candy bars of the parties. Celanese Corporation of America v. E. I. DuPont DeNemours & Company, 154 F.2d 146, 33 C.C.P.A., Patents, 948.

We have no doubt that both parties hereto incorporated the word "GIANT" in their trade-marks solely for the purpose of inducing the purchasing public to believe that they were getting something bigger in value, size or character for the price.

The decision of the Commissioner of Patents is affirmed.

Affirmed.