**NORTHMONT HOSIERY CORP. v. TRUE MFG. CO.**

Civ. A. No. 4835.

United States District Court
E. D. Wisconsin.

Sept. 28, 1951.

Beekman Aitken, New York City, Elwin A. Andrus, Andrus & Sceales, Milwaukee, Wis., for plaintiff.

Arthur L. Morsell, Jr., Curtis B. Morsell, Morsell & Morsell, Milwaukee, Wis., for defendant.

TEHAN, District Judge.

Plaintiff has brought this action alleging trade-mark and copyright infringement and unfair competition. The plaintiff is a Pennsylvania corporation engaged in the manufacture and sale of women's hosiery. The defendant is a partnership located in Gresham, Wisconsin, engaged in the manufacture and sale of lingerie.

The plaintiff alleges that in 1938 it adopted the design of an orchid flower as a trademark of its product and that all hosiery wrappings used by the plaintiff since 1938 have used an orchid design. Plaintiff owns a trade-mark certificate, number 397957, issued by the United States Patent Office on September 29, 1942, covering the design of an orchid flower and claiming a use since May 8, 1938. Plaintiff also owns, by virtue of an assignment made in 1941, trade-mark certificate, number 366382, issued by the United States Patent Office on April 11, 1939, to Hanes Hosiery Mills Co. Plaintiff also owns label copyright, number 52281, issued by the copyright office upon deposit made by the plaintiff in that office on December 1, 1948 of the label depicting an orchid flower design and bearing statutory notice "Copyright 1938 Northmont Hosiery Corp.".

Defendant contends that in the middle of 1949 it was solicited by a salesman of Milprint, Inc., a corporation, which specializes in creating distinctive packages. The defendant retained the services of Milprint and a Milprint employee designed the label which includes the alleged infringing orchid design. The defendant ordered a supply of the packaging material and has used up its initial supply of the alleged infringing material and has discontinued using any orchid design in its packaging since the suit was commenced. However, defendant has stated it will continue using the orchid design in its packaging and advertising if it prevails in this action.

The issues presented are the usual ones in an action of this type, the question of validity of the mark and copyright, and the questions of infringement, unfair competition and damages.

The plaintiff does possess trade-mark and copyright certificates which demonstrate a prima facie right to the symbol in question. This fact is not necessarily determinative of the question of validity of the trade-mark or copyright nor does it resolve the question of infringement. To these issues we now address our attention.

The court shall consider first the question of the copyright infringement. The evidence presented failed in any way to indicate that the alleged infringing design was created with any reference to plaintiff's copyrighted label. The design was created by an artist of Milprint who testified that he had never seen the plaintiff's label when he created the accused design. To constitute copyright infringement there must be some appropriation of the property of the copyright owner. West Publishing Co. v. Edward Thompson Co., C.C., 169 F. 833. Plaintiff must show that defendant made some use of the copyrighted label in the creation of the alleged infringing design. Plaintiff has failed to make such a showing in this case, and the court therefore holds that there has been no copyright infringement. This leaves for our consideration what the court believes to be the major issues of the lawsuit—the questions of whether there was a trade-mark infringement or conduct constituting unfair competition.

It is undisputed that plaintiff originally registered its mark in 1942 and that the mark was republished under the Act of 1946 on June 28, 1949. This affords to plaintiff the benefit of the rights granted by the Lanham Trade-Mark Act. Section 22 of said Act provides 15 U.S.C.A. § 1072: "Registration of a mark on the principal register provided by this Act or under the Act of March 3, 1881, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof." Section 33(a) of said Act provides, 15 U.S.C.A. § 1115(a): "Any certificate of registration issued under the

Act of March 3, 1881, or the Act of February 20, 1905, or of a mark registered on the principal register provided by this Act and owned by a party to an action shall be admissible in evidence and shall be prima facie evidence of registrant's exclusive right to use the registered mark in commerce on the goods or services specified in the certificate subject to any conditions or limitations stated therein, but shall not preclude an opposing party from proving any legal or equitable defense or defect which might have been asserted if such mark had not been registered." The statute thus shifts to the defendant the burden of demonstrating a "legal or equitable defense or defect".

On the question of validity of the trademark, the defendant has attacked the mark on the ground that "The Orchid Idea for a Label was in common use before plaintiff's use and is still in common use." On this premise the defendant contends that the orchid is therefore not a symbol which identifies the goods of the plaintiff and distinguishes them from those manufactured or sold by others in accordance with the definition of the term "trade-mark" contained in section 45 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1127. Thus, concludes the defendant, the trade-mark is not valid.

To substantiate its allegation that the Orchid Idea for a Label was in common use before plaintiff's use and is still in common use, the defendant submitted copies of trade-mark registrations issued to third parties. These included a registration for the term "The Orchid" issued to Lindeke, Warner & Sons of St. Paul, Minnesota on October 22, 1912; a registration on December 5, 1933 of the word "Orchid" issued to Northern Jobbing Company, St. Paul, Minnesota, which company was alleged in the registration to be the assignee and present owner of the Lindeke, Warner & Sons' trade-mark; and a registration on June 4, 1907 to American Lady Corset Co. of Detroit, Michigan for the word "Orchid", which registration was renewed in 1927 and again in 1947.

██ The defendant alleges that registration constitutes prima facie evidence of use.

Assuming this to be true, the registrations issued to Lindeke, Warner & Sons and to Northern Jobbing Company would not be material on the point of common use since they so long antedated the use and registration claimed here by plaintiff. The Act of 1946 in defining abandonment states: "Nonuse for two consecutive years shall be prima facie abandonment." 15 U.S.C.A. § 1127. As to the Lindeke, Warner & Sons' and the Northern Jobbing Company's registrations, there was no evidence of any use within a two-year period preceding the first claimed use of plaintiff. The evidence as to the American Lady Corset Company registration discloses a renewal in 1947 at which time an officer of the American Lady Corset Company asserted in the application for renewal that the mark had not been abandoned. Liberally construed, this American Lady Corset Company file wrapper would be evidence of a use of the word "Orchid" as a trade-mark within the relevant period prior to the first claimed use of the plaintiff. Defendant also asserts that "a word trade mark is the complete equivalent of a picture trade mark described by the word". Heilbronn Co. v. Hammermill Paper Co., 48 F.2d 963, 18 C.C.P.A., Patents, 1307.

Plaintiff's reply to this position is twofold. Plaintiff asserts first that it is the law of this circuit that "registration without proof of user is not a sufficient defense. It is user, not registration, that confers rights in a trade name." Radio Shack Corp. v. Radio Shack, Inc., 7 Cir., 180 F.2d 200, 206. Plaintiff's second contention is that wrongs done to plaintiff if prior user, cannot condone a like wrong by defendant, and any uses prior to plaintiff cannot justify the defendant in its more recent use. We shall consider each of these contentions.

██ As to the first point that registration without proof of user is not a sufficient defense, this contention is valid if applicable to the situation. It is not clear from the facts of the Radio Shack Corporation case whether Judge Duffy was there ruling only that a registration was not evidence of a subsequent use, or whether he also was ruling that a statement in an application for registration was not evidence

of the use asserted in such statement. The court has heretofore indicated that it believes a registration is not evidence of subsequent use of the mark by the owner of the registration, and the court reads Judge Duffy's opinion in this light. The court further believes that the statements contained in the application for a registration or renewal thereof may be considered as evidence of the facts therein asserted. Thus, we find as to the plaintiff's first reply to defendant's assertion of invalidity, that while it is user, not registration that confers rights in a trade-name, the statements contained in an application for a registration or a renewal thereof may be evidence of the use alleged therein. This then brings up the plaintiff's second defense, which is, that wrongs done to plaintiff, if prior user, cannot condone a like wrong by defendant, and any uses prior to plaintiff cannot justify the defendant in its more recent use. On the question of validity, the court finds that there is no evidence upon which to base a finding of invalidity growing out of uses subsequent to the plaintiff's use.

We are then faced with the consideration of the remaining part of the statement, i. e. that any uses prior to plaintiff cannot justify defendant in its more recent use. Plaintiff has cited a number of cases in support of this proposition, but an analysis of them indicates that the rule stated, while valid, does not apply where a question of trade-mark infringement is involved. It does apply, however, to a claim for relief based upon unfair competition. Thus, in the case of Del Monte Special Food Co. v. California Packing Corp., 9 Cir., 34 F.2d 774, 777, the court said: "* * * It is sufficient with reference to such use of the name 'Del Monte' upon food products by others to say that, whatever may be the respective rights of the appellee and these other users of the name 'Del Monte', such use does not justify the appellant in its more recent use of appellee's well-known mark upon a new and different product recently produced by it; for, as has been stated, the question involved here is not the infringement of a trademark in which the prior use by others would be material, but is that of the adoption by the appellant of unfair methods of competition. Such practice is unfair to the appellee, notwithstanding the use of the brand by others, even if such use by others preceded the use by appellee. * * *"

In the case of Lee v. Park Lane Togs, Inc., D.C., 81 F.Supp. 853, 854, the court said: "* * * Even though at other times or in other parts of the country a manufacturer (other than this defendant) may have used the trademark 'Park Lane' before plaintiff used it, that would not in and of itself constitute a bar to plaintiff's suit for unfair competition against this defendant. * * *"

Thus, insofar as plaintiff's claim of unfair competition is concerned, the evidence of the prior use by the American Lady Corset Company is not a defense.

Since the defendant has sought no affirmative relief in this action, the court does not feel that a proper determination of this case requires a finding on the question of whether the evidence of prior use by American Lady Corset Company is sufficient basis for an adjudication of invalidity of the plaintiff's registration. We will, therefore, consider this action as one based on unfair competition.

As a secondary position defendant has asserted that even if the mark of plaintiff be found valid, its use should be restricted solely to hosiery since the orchid is such a common symbol. To support this claim defendant has introduced in evidence the following examples of the use of the orchid flower by third parties:

"1. Use of an orchid in color on labels attached to women's nightgowns by Benington Corporation at the present time. (Defendant's Exhibit O.)

"2. Use of an orchid on the carton of bonded whiskey to indicate excellence that 'There is nothing better on the market'. (Defendant's Exhibit S.)

"3. Use of an orchid by Spic and Span Dry Cleaning Company to tie in with the fact that they do 'Beautiful Dry Cleaning'. (Defendant's Exhibits U and V.)

"4. Use of orchids in an advertisement by Fisher Bodies to tie in with the idea of

'Beauty by Fisher'. (Defendant's Exhibit X.)

"5. Use of an orchid on a package for stationery to tie in with the word 'Exquisite'. (Defendant's Exhibit T.)

"6. Use of the picture of an orchid by Tober-Saifer Shoe Manufacturing Company to tie in with the phrase 'Orchids to You' on shoe boxes. (Defendant's Exhibit A.)

"7. The giving away of orchids by Kresges Ten Cent Store to purchasers of stockings, showing the common tie in of orchids with the idea of beauty in women's apparel. (Defendant's Exhibit M.)"

The court is impressed with the fact that the orchid flower is not a unique symbol in the class of such trade-marks as "Kodak". On the other hand, the evidence at the trial indicated that it is common in the industry to have a close association of hosiery and lingerie. Many manufacturers produce both and there are common trade journals and trade conventions for both hosiery and lingerie. On this basis the court feels that while the evidence would warrant some restriction on the area of exclusiveness of the trademark in question, the restriction is not so narrow as to eliminate lingerie from the field in which the court believes confusion as to source would result.

The court therefore finds that the defendant has been guilty of acts of unfair competition against the plaintiff. The court will allow the injunction prayed for in the complaint except that the words "and that Defendant be forever enjoined and restrained from engaging in any unfair competition with the Plaintiff herein" may not be included in such injunction. The court will allow an order directing the defendant to deliver up for destruction all labels, advertising matter, letterheads, billheads, and other printed matter of whatsoever nature and description, appertaining to the manufacture, labelling, packaging, sale and distribution of goods of the defendant under the trade-mark design of an orchid flower. The court finds no basis for an accounting as to profits since the defendant

sold no goods which were in competition with the plaintiff. Triangle Publications v. Rohrlich, 2 Cir., 167 F.2d 969. The court finds no evidence on which to make an award of damages. Brooks Bros. v. Brooks Clothing of California, D.C., 60 F.Supp. 442, 459.

Counsel for the plaintiff will revise their proposed findings of fact and conclusions of law and decree in accordance with this opinion and submit them for settlement by the court after five days' notice to defendant.