40 C.C.P.A.(Patents)
HILLYARD CHEMICAL CO. v. VESTAL LABORATORIES, Inc.

VESTAL LABORATORIES, Inc. v. HILL-YARD CHEMICAL CO.

Patent Appeals Nos. 5971, 5982.

United States Court of Customs and Patent Appeals.

June 3, 1953.

Rehearing Denied Sept. 28, 1953.

Claude A. Fishburn, Kansas City, Mo., for Hillyard Chemical Co.

Alfred W. Petchaft, St. Louis, Mo., for Vestal Laboratories, Inc.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Judge.

These respective appeals considered on the same record involve review of the decisions of the Examiner-in-Chief of the United States Patent Office, acting for the Commissioner of Patents, in an opposition and a cancellation proceeding instituted between the same parties relating to three marks, "Shine-All," "Briten-All," and "Briten-Zit," used by them in the sale of a cleaning and polishing compound for furniture, woodwork, etc. 92 USPQ 289.

The parties have been doing business in and from the state of Missouri where the Hillyard Company of St. Joseph began the sale of its merchandise about 1915 using the mark "Shine-All." That mark not only consisted of those two words but also depicted a background of the radiating sun. The mark was continuously used since the inception of the business and was registered on June 3, 1924 under the Act of 1905, 15 U.S.C.A. § 1051 et seq., with the words disclaimed apart from the mark

as shown in the application. The registration was duly renewed June 3, 1944.

Vestal of St. Louis entered the field in 1924 and began selling its merchandise, attached to which was the mark "Briten-All," consisting of those two words set over a picture of a radiating barrel head. The mark was registered June 7, 1927 under the Act of 1905 and duly renewed in accordance with the provisions thereof.

In 1927 Hillyard began to market a cleaner for floors and woodwork under the mark "Briten-Zit," which was registered on December 11, 1928, under the Trade-Mark Act of 1920, 41 Stat. 533. Application for the renewal of that registration was made by Hillyard and published in 1948 by the Commissioner of Patents under the Act of 1946.

Thereupon Vestal filed a notice of opposition based on its prior and continuous use of the registration "Briten-All," Opposition No. 28,169. Hillyard then filed a petition to cancel Vestal's registration of "Briten-All," based on the allegation that the mark is confusingly similar to Hillyard's "Shine-All."

The tribunals of the Patent Office in the opposition proceeding noted that the terms "Briten-All" and "Briten-Zit" were confusingly similar in sound, meaning, and appearance, and that the concurrent use of a confusingly similar mark during the five years preceding the filing of Hillyard's application, based upon the assertion of distinctiveness under section 2(f) of the Act of 1946, 15 U.S.C.A. § 1052(f), rebuts that allegation. The examiner and the Examiner-in-Chief accordingly sustained the Notice of Opposition. We agree that the concurring action of the tribunals of the Patent Office in their disposition of the opposition proceeding was correct.

The examiner in the cancellation proceeding, No. 5,426, dismissed the petition (1) on the ground of laches; and (2) on the ground that there was no confusing similarity between "Shine-All" and "Briten-All" when concurrently used on the involved goods. The Examiner-in-Chief on appeal reversed the action of the examiner in both these respects in the cancellation proceeding.

It is true that the syllable "All" is identical in both marks, and the marks as a whole have a similar meaning. We are of the opinion, however, that the remaining portions of the marks give them a separate identity in the case at bar by which they are not confusingly similar. Nor are we convinced of the validity of the holding of the Examiner-in-Chief that the words of the competing marks are descriptive of the goods to which they are attached. In re One Minute Washer Company, 95 F.2d 517, 25 C.C.P.A., Patents, 978.

The decision of the Examiner of Interferences in dismissing the petition for cancellation aptly remarked:

"Aside from the question of laches, however, it is the opinion of the Examiner that the cancellation should be dismissed because of lack of confusing similarity between the notations 'Shine-All' and 'Briten-All.' The notation 'Shine-All' manifestly is highly suggestive of the nature of the goods here involved, and while the notation 'Briten-All' is similarly suggestive thereof, it differs substantially from 'Shine-All' in both appearance and sound. The applicant having adopted a notation of such character as a trade-mark for its goods may not prevent others from using similarly suggestive but otherwise distinguishable notations as trade-marks for their goods. It is believed that the marks here involved in their essentials are comparable to the notations 'Havesome,' for cocoa, and 'Drinksum,' for coffee, which were held not to be confusingly similar in the case of Stephen L. Bartlett Co. v. Arbuckle Bros., 307 O.G. 235, 52 App.D.C. 267, 285 F. 1001. In its decision, the court stated:

" 'That the words involved here are not confusingly similar in appearance or sound we think is apparent, and unless we are to rule that the adoption of a suggestive mark by one trader precludes all other traders from employing another mark of similar sug-

928

gestiveness but entirely different in appearance and sound, applicant is entitled to registration.' "

We agree with the views and conclusion expressed by the Examiner-in-Chief in the opposition proceeding, but reject them as inapposite in the cancellation proceeding. Accordingly, we deem it unnecessary to discuss the issue of laches or other points argued by counsel for the parties in their briefs.

Subsequent to the filing of the records in this court the respective parties moved for the diminution of the record. The motions having been granted with the provision that the costs for printing the additional material be fixed by the court on determination of the case, we conclude that such costs should be taxed against appellant in each appeal.

For the reasons hereinbefore stated, the decisions of the Patent Office are respectively affirmed in Opposition No. 28,169, and reversed in Cancellation No. 5,426.

Modified.

JACKSON, J., retired, was recalled to participate in this case in place of GARRETT, C. J.