## MALONE v. HOROWITZ.
### Patent Appeal No. 2310.

Court of Customs and Patent Appeals.
June 4, 1930.

John D. Rippey and Lawrence C. Kingsland, both of St. Louis, Mo., for appellant.

Arthur F. Larrabee, of Los Angeles, Cal., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Annie M. Malone, doing business under the style and name of Poro College, of St.

Louis, Mo., filed opposition proceedings in the Patent Office against the issuance of a trade-mark to Morris Max Horowitz. From concurring decisions by the Examiner of Interferences and the Commissioner of Patents, dismissing the opposition and adjudging the applicant entitled to registration, the opposer, appellant, has appealed to this court.

The mark sought to be registered by Horowitz consists of the word "Molo" to be applied, according to the substitute statement and declaration of applicant, to goods used for mouth wash, breath purifier, throat gargle, and general antiseptic. Appellee's use of the word "Molo" began in the year 1923. The specimens submitted and the argument in appellee's brief would indicate that the mouth wash, breath purifier, throat gargle, and general antiseptic is one preparation used for the four purposes. Throughout the record it is referred to as "mouth wash" or "mouth lotion." The word "Molo" is said to have originated from the first two letters of the two words "mouth" and "lotion." The preparation is sold in drug stores, and the package containing it has the following printed notations thereon:

"For the treatment of pyhorrhea, spongy or bleeding gums, or any infection of the mouth. As a daily mouth wash it keeps the gums firm and healthy and breath pure and sweet. * * *

"Iodine antiseptic produces decided results in treatment of tonsilitis, sore throat, nasal catarrah, cuts and burns—and in all places where a deodorant or healing agent is indicated."

The opposer, appellant, is the owner of the trade-mark "Poro," which was registered in 1907. It is believed that the word is suggestive of the word "pore." The "Poro" preparations are manufactured, advertised, and sold by the Poro College at St. Louis, Mo., which institution is owned and operated by appellant, Annie M. Malone. The record discloses that her preparations consist of what she refers to in her advertisements as hair and toilet goods, and are used in beauty culture. They consist of body deodorants, cold creams, vanishing creams, shampoos, temple growers, hair growers, pressing oil, skin and scalp soap, lip rouge, face powder, toilet water, and perfume. The Poro College sells its goods exclusively by women agents, and the goods are never distributed through druggists or other storekeepers.

That the goods are not identical is at once apparent, but they have common characteristics which, in our judgment, brings

them into the same class. While the goods of appellant are not sold in stores as are the goods of appellee, this fact can make no difference in our consideration of the case, since appellant could at any time change her trade practice in this regard. We think there are such attributes of similarity in the inherent characteristics of the goods, and such similarity in their use and in the manner in which such goods are ordinarily sold and handled, as to bring them within the term "merchandise of the same descriptive properties." California Packing Corporation v. Tillman & Bendel, Inc. (Cust. & Pat. App.) 40 F.(2d) 108, 394 O. G. 789; B. F. Goodrich Co. v. Clive E. Hockmeyer et al. (Cust. & Pat. App.) 40 F.(2d) 99, 394 O. G. 795.

The words "Poro" and "Molo" are quite similar in sound and appearance, and, if applied to goods which were identical, there would be no doubt but that confusion would result from the registration of both words as trade-marks. The fact that the goods are not identical makes the issue before us a close one. We think, however, that the use of the trade-mark "Molo" in the manner heretofore set out would be likely to cause confusion or mistake in the mind of the public, and would be likely to deceive purchasers. At least there is a reasonable doubt as to whether such use would be free from such confusion, and under the well-settled trade-mark rule such doubt must be resolved against the newcomer. The newcomer has a wide choice from which to select, without entering the field of one whose business is well known and well established. Kassman & Kessner, Inc., v. Rosenberg Bros. Co., 56 App. D. C. 109, 10 F.(2d) 904.

The decision of the Commissioner of Patents is reversed.

Reversed.