**GREYHOUND CORPORATION et al. v.
GOBERNA et al.**

**No. 154–M.**

District Court, S. D. Florida, Miami
Division.

March 3, 1941.

Shutts, Bowen, Simmons, Prevatt &
Julian, of Miami, Fla., for plaintiffs.

Carson, Petteway & Stembler, of Miami,
Fla., for defendants.

HOLLAND, District Judge.

The Court having heard the testimony of
witnesses for both plaintiffs and defend-
ants, and having examined the numerous
exhibits introduced into evidence, and hav-
ing heard the argument of counsel and be-
ing fully advised in the premises, hereby
makes the following findings:

Findings of Fact

1. The Greyhound Corporation, one of
the plaintiffs herein, has continuously since
1926 operated as a common carrier of
passengers by motor bus in the United
States, and has gradually built up a large
system with subsidiaries and affiliates, so
that its services extend into nearly all
parts of the United States and into Canada
and Mexico. It now has under its super-
vision and control approximately 2,500
buses and approximately 3,500 uniformed
drivers.

2. Much of the motor bus transporta-
tion business of the Greyhound System is
conducted through subsidiaries which are
controlled by the Greyhound Corporation.
Some of these are wholly owned and in
others the parent corporation owns 50%
or more of the voting stock, but the ad-
vertising of services and the management
of the entire system, including the fixing
of tariffs and schedules and the co-ordina-
tion of operations, of said affiliated com-
panies has been under the supervision of
the Greyhound Corporation or of the
wholly owned subsidiaries of that corpora-
tion.

3. Since 1926 the operations of the
various companies known as the Greyhound

172

Lines have been conducted under the name "Greyhound." The symbol of a running dog and the blue and white color scheme have been uniformly used throughout the entire system since 1927, and in more recent years the mechanical equipment has become standardized.

4. Southeastern Greyhound Lines, Inc., not a party to this suit, was at one time wholly owned by the Greyhound Corporation, and although its stock ownership has since changed, the word "Greyhound" is now used by that company by virtue of a license. Southeastern Greyhound Lines, Inc., has operated buses through the State of Georgia into Jacksonville, Florida, since 1930. Atlantic Greyhound Corporation is completely controlled by the Greyhound Corporation, and approximately 76% of its voting stock is owned by the latter. Atlantic Greyhound Corporation is a party to this suit, and it and its predecessors have operated buses into Jacksonville, Florida, since 1931 under the name of Atlantic Greyhound Lines.

5. The transportation system known as Greyhound Lines has acquired an enviable reputation in the transportation industry, and as a result of expensive advertising, careful attention to research and engineering, the safety of its equipment and dependability of its operations, the word "Greyhound" as a trade name has a well established secondary meaning of great value. Continuously since that time prospective motor bus passengers have been able to buy tickets in the City of Miami good for transportation over any part of the Greyhound System, and conversely tourists from all parts of the United States and from Canada and Mexico have for many years bought tickets good over the Greyhound System for transportation to Miami, Florida.

6. In 1934 Atlantic Greyhound Corporation and Southeastern Greyhound Lines, Inc., caused to be organized as a subsidiary company, Greyhound Bus Depot, Inc., a Florida corporation, which is equally owned and controlled by them.

7. Since 1929 Mr. A. E. Jacobson has been in the employ of the various Greyhound companies in the Miami area as ticket agent.

8. That the defendants, J. Mitchell Goberna and Havana Greyhound Tours, Inc., a Florida corporation, are engaged in the business of arranging and conducting Cuban tours.

9. That the defendant, Cuban Greyhound Tours, Inc., is an inactive corporation, and has carried on no business at all since its incorporation.

10. That defendants, J. Mitchell Goberna and Havana Greyhound Tours, Inc., were the prior users of the name "Greyhound" in the Cuban tour business.

11. That on October 1, 1935, defendant, J. Mitchell Goberna, acting by and through his corporation, Mitchell's Tours, Inc., who are exclusive agents of defendant, Havana Greyhound Tours, Inc., entered into a written contract with Greyhound Bus Depot, Inc., a subsidiary of the plaintiffs.

12. That by the terms of the aforesaid contract, tickets for Mitchell's Tours and Greyhound tours were to be sold in the offices and depots of Greyhound Bus Depot, Inc., who were to receive a commission for the sale of said tours at the rate of ten per cent (10%) on all Mitchell's tours, and five per cent (5%) on all Greyhound tours.

13. That the Greyhound tours referred to in said contract were the tours of the defendant, Havana Greyhound Tours, Inc., which were sold under the name of "Havana Greyhound Tours."

14. That in pursuance of said contract, tickets for Mitchell's Tours and Havana Greyhound Tours were sold in the offices and depots of Greyhound Bus Depot, Inc., who received the commissions provided for in said contract.

15. That in May, 1937, Greyhound Cuba Tours, Inc., was incorporated with the same officers and directors as Greyhound Bus Depot, Inc.

16. That since its incorporation, Greyhound Cuba Tours, Inc., has engaged in the business of arranging and conducting Cuban tours in direct competition with the defendant, Havana Greyhound Tours, Inc., both corporations advertising their tours under the name of "Greyhound."

Discussion

The defendants did not adopt the use of the word "Greyhound" after the plaintiffs had used it in the Havana (speaking in a restricted manner) or Cuban (speaking in a broader sense) tour business. The word "Greyhound" was used in this business by the defendants prior to the use by the plaintiffs of the word "Greyhound" in its tour business to the Island of Cuba. The contract of October 1, 1935, recognizes this fact. This finding leads to a conclusion that plaintiffs are not, broadly

speaking, entitled to injunctive relief as prayed against the defendants. Without a predicate of prior use by the plaintiffs of the word "Greyhound" in the tour business to Cuba, the theory of fraud as contended by plaintiffs should not be accepted. However, it appears that the defendants in the use of the word "Greyhound" have exceeded the rules of propriety, and the rights of the parties. The plaintiffs have developed and extended an extensive Bus and Tour business. The word "Greyhound" and the use of the running dog symbol have been widely and permanently developed at great expense. The defendants are not entitled to exceed the bounds of propriety in advertising their business in selling transportation tours with the use of the word "Greyhound." The word "Greyhound" should not be enlarged or emphasized as compared to the other features of their business advertised. Certainly the defendants should not use the word "Greyhound" in selling bus transportation tickets, nor should the defendants use the dog symbol developed by plaintiffs in their business. So far as future business is concerned, it is a case requiring a decree providing for good faith and fair competition.

### Conclusions of Law

1. That the defendants, J. Mitchell Goberna and Havana Greyhound Tours, Inc., by virtue of being prior users of the name "Greyhound" in the Cuban tour business, are entitled to continue the use of said name in the Cuban tour business.

2. That the plaintiffs, Greyhound Corporation and Atlantic Greyhound Corporation, by acquiescing in the use of the name "Greyhound" by defendants, J. Mitchell Goberna and Havana Greyhound Tours, Inc., and by accepting the benefits derived from the sale of Havana Greyhound Tours, are estopped from enjoining the use of the name "Greyhound" by J. Mitchell Goberna and Havana Greyhound Tours, Inc., in the Cuban tour business.

3. That the defendants, J. Mitchell Goberna, Havana Greyhound Tours, Inc., and Cuban Greyhound Tours, Inc., are not entitled to the use of the name "Greyhound" as applied to the bus transportation business.

4. That the costs of this case be divided, each party paying for its own costs incurred.

5. While the decree to be submitted herein will finally decide the issues as herein declared, jurisdiction will be retained for consideration of any alleged unfair competition, under the principles herein announced, in the future.

Final judgment will be entered accordingly.