31 C.C.P.A.(Patents)

## LACTONA, Inc., v. LEVER BROS. CO.

### Patent Appeal No. 4869.

Court of Customs and Patent Appeals.

June 19, 1944.

Rehearing Denied Oct. 2, 1944.

Edmund H. Parry, Jr., of Washington, D. C. (Parry & Miller, of Washington, D. C., of counsel), for appellant.

Spencer A. Studwell, of New York City, for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences holding that appellant was entitled to register the trade-mark "Lifeguard," for use on "Devices for Oral Hygiene, Particularly Tooth Brushes, Massage Elements and Combined Tooth Brushes and Massage Elements."

Appellant states in its application that it has used the trade-mark "Lifeguard" on its goods since July 15, 1940.

In its notice of opposition, appellee alleged that it is the owner of the trade-mark "Lifebuoy," for use on "products for cleaning"; that it is the owner of trade-mark registration No. 25,871, issued January 15, 1895, of the term "Lifebuoy," for use on "fancy and perfumed soaps, shaving soaps, perfumery, mouth washes, tooth washes, tooth pastes, tooth powders, toilet powders, hair pomades, and oils and greases for toilet use"; and that it is also the owner of trade-mark registration No. 25,-905, issued January 22, 1895, of the trade-mark "Lifebuoy," for use on a variety of soaps and other articles which need not be mentioned here, both of which registrations have been renewed.

Appellee also alleged that it is the owner of registration No. 284,089, issued June 16, 1931, of the trade-mark "Lifebuoy" and other descriptive matter in the Spanish language, for use on soap; that it has expended millions of dollars in advertising its trade-mark on "products for cleaning"; that the "trade and the public have long been familiar" with its trade-mark "Lifebuoy" and have associated it only with appellee as indicating that the cleaning products on which it appears are the products of appellee; that the goods of the parties possess the same descriptive properties; and that appellant's trade-mark "Lifeguard" is confusingly similar to appellee's trade-mark "Lifebuoy." Other allegations made in the notice of opposition will hereinafter be referred to in the statement of the evidence introduced by appellee.

On November 28, 1940, appellant filed its answer to the notice of opposition, stating

therein, among other things, that appellee is not using the term "Lifebuoy" as a trademark on any goods other than common soap and shaving cream, and particularly that appellee is not using the term "Lifebuoy" as a trade-mark for mouth washes, tooth washes, tooth pastes, tooth powders or any other products relating to oral hygiene. Appellant also denied in its answer that the marks of the parties are confusingly similar.

It is obvious from appellant's answer to appellee's notice of opposition that appellant intended to raise the question of the validity of appellee's registration No. 25,871.

Appellant submitted no evidence.

Appellee submitted evidence for the purpose of establishing that it had sold well over $100,000,000 worth of "Lifebuoy" products from 1895 to the time of the submission of testimony (January 28, 1941); that it advertises its "Lifebuoy" soap and "Lifebuoy" shaving cream in newspapers in every city and town in the United States, and through other advertising mediums, such as magazines and the radio; that it has expended well over $20,000,000 in advertising its "Lifebuoy" soap and over $1,000,000 in advertising its "Lifebuoy" shaving cream; and that it has sold over 25,000,000 tubes of "Lifebuoy" shaving cream throughout the United States.

The witness Homer M. Clark, advertising executive in the the employ of the appellee company, testified that he knew of no other concern which used the term "Lifebuoy" in connection with soaps, dentifrices, tooth brushes, or other similar articles used for cleansing the human body. He stated that he knew of at least two concerns that sold tooth brushes and dentifrices under the same trade-mark. (The witness mentioned Dr. West and The Pepsodent Company.) On cross-examination, he stated that appellee does not now make or sell, and never has made or sold, any tooth paste, tooth powder, or mouth wash under the trade-mark "Lifebuoy." He further stated that his company had considered making and selling such products, but had not done so.

It is stipulated in the record that appellee's registration No. 25,871 had been duly renewed under date of January 20, 1925.

This court has repeatedly held that the validity of a registered trade-mark can-

not be challenged in an opposition proceeding, and that testimony relative to the validity of a registered mark is wholly irrelevant to the issues in an opposition proceeding. See Englander, etc., v. Continental Distilling Co., 95 F.2d 320, 25 C.C.P.A., Patents, 1022, and cases therein cited and reviewed.

In the case of Ely & Walker Dry Goods v. Sears, Roebuck & Co., 90 F.2d 257, 24 C.C.P.A., Patents, 1244, one of the cases cited and reviewed in the Englander case, supra, it was held that the validity of a registered trade-mark could not be attacked in an opposition proceeding where it was claimed that the owner of the registered mark was not using it as a trade-mark.

In the Englander case, supra, we pointed out that it had been repeatedly held that the Congress had specially provided in section 13 of the Trade-mark Act of February 20, 1905, 15 U.S.C.A. § 93, for proceedings for the cancellation of a trade-mark registration by one who deemed himself injured by such registration; that, if one desired to question the validity of such a registration, he should proceed in accordance with the provisions of that section; and that there was no authority for attacking the validity of a trade-mark registration in an opposition proceeding.

That appellant had some information with regard to appellee's use of the trade-mark "Lifebuoy" on the goods listed in registration No. 25,871 several months prior to the taking of the testimony in this case is clear from its answer to the notice of opposition, and, had appellant desired to do so, it could then have filed cancellation proceedings in accordance with the statute. Accordingly, we are of opinion that the evidence relating to the use by appellee of its trade-mark "Lifebuoy" on the goods named in its registration No. 25,871 was wholly irrelevant to the issues here involved and should be given no consideration whatsoever in determining the issues in this case.

If appellee is not using its trade-mark on the goods listed in registration No. 25,871, the mark, obviously, should be cancelled.

We are of opinion that the goods listed in registration No. 25,871 (shaving soap, mouth washes, tooth washes, and tooth paste) are goods of the same descriptive properties as tooth brushes and massage elements for the teeth and combined

tooth brushes and massage elements on which appellant uses its trade-mark "Life-guard," and that the marks of the parties are confusingly similar.

It was conceded by counsel for appellant at the time of the oral arguments in this court, and properly so we think, that the goods on which appellant uses its trade-mark and the soap and shaving cream on which appellee uses its trade-mark possess the same descriptive properties.

It appears from the record that the products of each of the parties are put up in small packages; that they are inexpensive, and are sold in drugstores, grocery stores, and general stores to all classes of purchasers; and that appellee has expended millions of dollars in advertising its goods throughout the United States in practically all forms of advertising, including news-papers, magazines, and radio.

The Examiner of Interferences was of opinion that the marks in question were not confusingly similar, and, accordingly, dismissed appellee's notice of opposition.

In his decision reversing the decision of the Examiner of Interferences, the commissioner called attention to appellee's earlier registration No. 25,871, issued January 15, 1895, for use on various toilet preparations, including toilet soap and shaving soap, and stated that the registered mark was now used only in connection with soap and shaving soap. The commissioner held that the goods of the parties possess the same descriptive properties and that the marks are confusingly similar.

In denying a petition for reconsideration of his decision, the commissioner called attention to several decisions of this court which need not be referred to here. Prior decisions, except as to statements of law, have but little bearing on the issues presented in trade-mark opposition cases, because of differences in facts.

It is argued by counsel for appellant that when the marks in question are compared, one can easily distinguish one mark from the other, and that, therefore, there would not be confusion in the trade by their concurrent use by the parties.

It is true that by side-by-side comparison one can easily distinguish between the marks in question. However, such comparison is not the test for determining confusing similarity of trade-marks.

Considering all of the facts of record, we are of opinion that the purchasing public would likely be deceived into believing that appellant's goods and those of appellee were made by appellee, and that the marks of the parties are confusingly similar.

For the reasons stated, the decision of the commissioner is affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.