46 C.C.P.A. (Patents)

**LEVER BROTHERS COMPANY,**
Appellant,

v.

**THRIFT–D–LUX CLEANERS, INC.,**
Appellee.

Patent Appeal No. 6403.

United States Court of Customs
and Patent Appeals.
Feb. 11, 1959.

Spencer A. Studwell, New York City, for appellant.

Adele I. Springer, New York City, for appellee.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON (retired), Judges.

RICH, Judge.

This appeal is from the decision of the Commissioner of Patents, acting through the Assistant Commissioner, affirming the decision of the Examiner of Interferences dismissing an opposition brought by appellant, Lever Brothers Company, against an application of Thrift-D-Lux Cleaners, Inc. to register a service mark for dry cleaning and pressing services. The opposition is based on the conceded prior use and registration of "Lux" as a trademark for soap flakes, toilet soap and liquid detergents.

The mark of applicant-appellee is a double-bordered oval across which in block letters is the word mark "Thrift-D-Lux" under which in script appears the word "Cleaners." At the top of the oval in the border in smaller block letters than said word mark is the slogan "Thrifty In Price" and in the bottom of the border in matching type is the slogan "De Luxe In Quality," said slogans being in quotation marks.

The record shows the following pertinent facts. "Lux" was adopted by appellant's predecessor in the year 1900 and continuously since that date has been used as a trademark for soaps. Appellant has spent over $150,000,000 in advertising the products sold under the trademark "Lux" and to date more than two billion packages of "Lux" flakes and more than three billion cakes of "Lux" toilet soap, and more than forty-five million cans of "Lux" liquid detergent have been sold. Appellant markets its product through retail and wholesale grocery and drug channels, and serves markets in many foreign countries. In addition "Lux" flakes are sold in bulk to laundries. As a part of this latter program appellant operates a so-called "Lux Laundry Plan" which is designed to stimulate the sale of "Lux" flakes in bulk. In accordance with this program laundries, under agreement with appellant, call themselves a "Lux Laundry" in their promotional advertising. To date approximately six hundred laundries located throughout the United States have entered into such agreements with appellant. Of the six hundred "Lux Laun-

dries" approximately four hundred seventy take in dry cleaning as well as laundering.

Appellee, Thrift-D-Lux Cleaners, Inc., is in the business of dry cleaning and pressing garments. "Thrift-D-Lux," a principal feature of the mark in question, is, according to appellee, a coined expression suggesting "thrifty in price, de luxe in quality." The issue is whether the mark of appellee so nearly resembles "Lux" as to be likely, when used in connection with appellee's services, to cause confusion or mistake or to deceive purchasers under the circumstances above set forth.

Appellant contends that "Lux" and "Thrift-D-Lux" are confusingly similar because the verbal impact of "Thrift-D" is "thrifty," meaning economical, leaving "Lux" as the dominant portion of the mark, conveying to the purchasers the meaning "Thrifty Lux." In our opinion, though "Lux" in itself may be quite arbitrary and unique, the import of "Thrift-D-Lux" is not "Thrifty Lux," but rather thrift coupled with *de luxe*, meaning economy combined with special elegance. The well-known term "de luxe," as the record indicates, is obviously suggestive and is in common use in a great variety of trademarks and trade names. To hold for appellant in this case would be tantamount to restricting the use of a term well established in the public domain.

Appellant cites the case of American Throwing Company, Inc. v. Famous Bathrobe Co., Inc., 250 F.2d 377, 45 C.C.P.A. 737, in which an opposition to the registration of "Knit-Kins" for infants and children's underwear was sustained, based on the registration of "Wiper-Kins" for children's bibs. This case is distinguishable upon the fact, inter alia, that the suffix in both marks was the same, where as here we regard them as different because the meaning of the end of appellee's mark is de luxe (D-Lux) and appellant's mark is generally understood to be the Latin word meaning light (Lux).

Appellant also cites Lever Brothers Company v. Sitroux Company, Inc., 109 F.2d 445, 27 C.C.P.A. 858, wherein the applicant sought to register "Sit-Ru-Lux" for toilet tissue and was opposed by appellant herein, basing the opposition on the trademark "Lux." Upon careful consideration, we feel that this case is not controlling here for the reason that a descriptive word such as *de luxe* is not involved. Also, toilet tissue and toilet soap are goods belonging to the same class, i.e., both are ordinary household articles for personal use sold in small packages through the same channels of distribution. In the instant case one of the marks is not for goods at all but for services. Though under particular circumstances a service mark may be confusingly similar to a mark for goods, we feel the relationship here is tenuous. Appellant contends, however, that confusion is likely because appellee's business is not confined to dry cleaning and pressing services, but also includes the laundering of garments and other material. Thus it is likely, appellant contends, there would be an association in the public mind between "Lux Laundries" and appellee's "Thrift-D-Lux" stores. In view of the common use of the term "de luxe" in describing services or goods offered to the public, and in the absence of evidence to support appellant's contention of confusion between "Lux Laundries" and "Thrift-D-Lux" stores, we feel that appellant has failed to show that it will be damaged by registration of appellee's mark for the services enumerated in the application.

The decision of the Commissioner is affirmed.

Affirmed.