47 CCPA

**DAGGETT & RAMSDELL, INC.**

v.

**PROCTER & GAMBLE COMPANY.**

Patent Appeal No. 6526.

United States Court of Customs and Patent Appeals.

March 15, 1960.

Mead, Browne, Schuyler & Beveridge, William E. Schuyler, Jr., Andrew B. Beveridge, Washington, D. C. (Francis C. Browne, Washington, D. C., of counsel), for appellant.

Allen & Allen, Cincinnati, Ohio (Erastus S. Allen, Cincinnati, Ohio, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge FRANCIS L. VAN DUSEN.[*]

MARTIN, Judge.

This appeal is from a decision of the Commissioner of Patents, acting through the Assistant Commissioner, affirming the decision of the Examiner of Interferences dismissing the opposition by Daggett & Ramsdell, Inc., to the registration of "Personal Blend."

The Procter & Gamble Co. on December 13, 1954, filed an application for the registration of the mark "Personal Blend" on "Shampoo," alleging the first use in commerce to be on August 3, 1954. Daggett & Ramsdell, Inc. filed an opposition based on its registration "Personal Choice" [1] for use on after shave lotion, cologne, talc and deodorant cream.

The Procter & Gamble application was involved in another opposition, Roux Distributing Co., Inc. v. The Procter & Gamble Co., Opposition No. 35,436, which was sustained on February 7, 1956, pursuant to a stipulation of January 26, 1956 between the parties thereto to the effect that "Personal Blend" is descriptive when applied to shampoo. That appellee is not entitled to registration regardless of the outcome of this appeal is obvious, however opposer has insisted upon a resolution of the issue of likelihood of confusion, mistake or deception,[2] the ground upon which its verified notice of opposition was based.

The Assistant Commissioner stated:

" 'Personal Blend' on shampoo suggests that someone has done something special for the purchaser; whereas 'Personal Choice' on after shave lotion and on opposer's other products suggests something which the purchaser does for himself. Considering the differences in the reactions stimulated by the respec-

tive marks when applied to the products, it is concluded that there is no likelihood of confusion or mistake of purchasers."

The testimony adduced on behalf of Procter & Gamble was directed in great measure to the use of "Personal" and "Personal Size" on "Ivory" soap, apparently in the hope of showing "Personal" to be closely associated with appellee in the public's mind.

Appellant relies upon its prior registration. It has also introduced catalogues, printed in 1956 [3] by its distributor, Fuller Brush Co., which date is after both the filing of the application for registration and the filing of the verified notice of opposition. Those catalogues show "Personal Choice" to be used in conjunction with deodorant soap, as well as on cream hair lotion and the goods specified in the registration of "Personal Choice." A motion was made to strike the catalogues as being neither "available to the general public in libraries [nor] of general circulation," Rule 2.123(c), Trademark Rules of Practice, 1956, 15 U.S.C.A.Appendix, the examiner finally ruling against appellee on that motion. Appellee has renewed his objection here.

It is appellant's position that the opposition is not moot and that it is entitled to a judgment in its favor on the issue of likelihood of confusion since both marks are used on goods which are likely to come from the same source. Appellant also asserts that neither of the marks is descriptive.

Appellee maintains that its mark is descriptive and further that "Personal" alone is *per se* descriptive and therefore cannot be the subject of trademark registration. It apparently contends, also, that its extensive use of "Personal" and "Personal Size" on soap for many years prior to appellant's registration of "Per-

---

[*] United States District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CONNELL*, pursuant to provisions of Section 292d, Title 28 United States Code.

1. Registration No. 602,828, filed May 7, 1954, issued March 1, 1955.

2. Lanham Act, § 2(d), 15 U.S.C.A. § 1052.

3. The parties stipulated at oral argument that the catalogues were printed in 1956.

sonal Choice" would lead the public to think that the use of "Personal" as all or part of a trademark on toilet articles would indicate that Procter & Gamble is the source of the merchandise, and therefore it should prevail here. Finally, appellee argues that confusion, mistake or deception of purchasers is not likely insofar as the two marks in issue are concerned.

The basic issue confronting us is whether "Personal Blend" when applied to appellee's goods is likely to cause confusion, mistake, or deceive purchasers. Before discussing that issue, however, we will turn our attention to the other questions presented.

■ It has been suggested that appellant cannot maintain this action since appellee stipulated in the Roux opposition that "Personal Blend" is descriptive and therefore unregisterable. We do not agree with this contention since we believe that appellant has the right to press this proceeding to a conclusion, irrespective of the action taken by appellee in the Roux case.

Furthermore, even though appellee has stipulated in another action that "Personal Blend" is descriptive, hence unregisterable, and maintains that position here, the fact remains that appellant has a registered trademark, and appellee's depreciating attitude toward its own mark is without significance in this proceeding. For the same reason the question of whether "Personal" solely or in conjunction with another word or words is registerable as a trademark is not in issue here.

As to the use of "Personal" and "Personal Size" by appellee on its "Ivory" soap, we do not believe that this fact is persuasive in resolving the issues here presented because the evidence introduced by appellee in this connection convinces us that these words as used by appellee connote only the size of the bar of soap in the same manner as its other designations "Large" and "Medium," and would not be considered by the general public as indicia of origin of the merchandise.

■ Since there is no doubt that appellant used its trademark before appellee used its, we come to the issue of whether "Personal Choice" and "Personal Blend" when applied to the goods of the litigants are likely to cause confusion as to origin. Our first consideration in this connection will be the goods of the respective parties and the purchasers of their merchandise. We can consider only the items listed in appellant's registration since we do not believe that the examiner was correct in admitting into evidence parts of Fuller Brush Catalogues which show additional uses of the mark "Personal Choice." There is no evidence showing that these particular catalogues were ever distributed to anyone or in any way made available to the general public, and therefore they cannot be treated as "printed publications" such as books and periodicals available to the general public which may be introduced in evidence under Rule 2.123(c) of Trademark Rules of Practice,[4] 1956, without further identification and proof of their availability to the general public.

■ Although, according to the registration "Personal Choice" is applied only to after shave lotion, cologne, talc, and deodorant cream, and "Personal Blend" is used on shampoo, we believe the articles to be so related, all being toilet articles purchased by members of the same general class, that if the trademarks applied to them are likely to cause confusion as to the origin of the merchandise appellant should prevail.

■ Even though "Choice" and "Blend" are dissimilar in sound and ap-

---

4. "(c) Printed publications, such as books, periodicals and similar publications such as are available to the general public in libraries or are of general circulation, and official records, may be introduced as provided in rule 1.282 [Patent Rule 282] of this chapter. When a copy of an official record of the Patent Office is filed, it need not be a certified copy."

pearance, it is a well settled principle of trademark law that marks must be considered in their entireties.[5] Following that principle here, we are of the opinion that "Personal Choice" and "Personal Blend" are likely to cause confusion as to the origin of the goods. We believe that the distinction drawn by the Assistant Commissioner is without merit. It is extremely doubtful that purchasers would analyze who did what for whom, and even if they did "Personal Blend" could signify that the purchaser himself concocted the "Blend" which then would become his "Choice" or if the blender was some other person, and the purchaser favored the particular "Blend" it would still be his "Choice." Furthermore, we come to the opposite result from the Assistant Commissioner. We believe that the reactions stimulated by the marks when applied to the goods would result in a likelihood of confusion or mistake of purchasers.

Appellee argues that the decision in Shoe Corp. of America v. Juvenile Shoe Corp. of America, 266 F.2d 793, 795, 46 CCPA 868, is pertinent to this controversy and supports a decision in its favor. We do not agree. There we held that "Lazy" as applied to shoes was not arbitrary but contained "a definite suggestion of comfort, relaxation and suitability for informal wear." Furthermore, the fact that five third party trademarks involving the initial word "Lazy" had been registered for shoes indicated to us that the word had "suggestive significance" as applied to shoes and hence, would be taken primarily as describing or suggesting some quality of the shoes rather than as indicative of their origin. The word "Personal" as applied to the products is not suggestive of some quality of the merchandise involved and no evidence has been introduced to indicate that it is suggestive.

The contention of appellee that appellant has failed to prove damage is without merit. Appellant has shown that "[appellee's] mark so resembles the mark of [appellant] as to be likely when applied to the goods of [appellee] to cause confusion or mistake or to deceive purchasers," and from this damage will be presumed.

For the reasons stated the decision of the Assistant Commissioner is reversed.

Reversed.

WORLEY, Chief Judge (dissenting).

I agree with the concurring decisions of the Examiner of Interferences and the Assistant Commissioner that the differences between the marks and their manner of use are such that there would be no likelihood of confusion. I would affirm.

---

5. Sundure Paint Corp. v. Maas & Waldstein Co., 267 F.2d 943, 46 CCPA 926; Mayer Chemical Co. v. Anahist Co., Inc. (Warner-Lambert Pharmaceutical Co., Assignee. substituted), 263 F.2d 344, 46 CCPA 784.