**JAMES BURROUGH LIMITED and Kobrand Corporation, Plaintiffs,**

v.

**BEEF/EATER RESTAURANTS, INC., d/b/a Beefeaters and Beefeater Restaurants, Defendant.**

**Civ. A. No. 10324.**

United States District Court
N. D. Georgia,
Atlanta Division.
May 24, 1967.

**490**

King & Spalding, Atlanta, Ga., for plaintiff, Lauterstein & Lauterstein, New York City, of counsel.

Alvin N. Siegel, Atlanta, Ga., for defendants.

LEWIS R. MORGAN, Chief Judge.

The plaintiffs in this action have brought suit under the Lanham Trademark Act against the defendant for alleged infringement of a registered trademark and trade name of the plaintiff. Such plaintiffs seek to enjoin the use of the name "Beefeater" by the defendant and to recover exemplary damages for the alleged infringement.

The case is presently before the Court on a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. The facts from which the instant action arose are relatively simple. The plaintiffs produce and distribute a well-known gin under the registered name of "Beefeater Gin" and with the "Beefeater" trademark. The defendant operates several restaurants under the name of "Beefeaters" and "Beef/Eaters", and it prominently displays the yeoman Beefeater at its restaurants and its advertising.

As this Court stated in the case of HMH Publishing Company v. Turner, 222 F.Supp. 145 (D.C.1963):

"The basic protection of a trademark is the right to use a name identified with a particular operation, program or product. The more general the public acceptance of a particular name, whether it be generic, descriptive or secondary, as the identity of a product, the stronger the trade-mark protection  *  *  *." (citations omitted)

The reputation of the term "Beefeater" and the public acceptance and cognizance of the name and trademark has been noted judicially in previous decisions. E. g. James Burrough, Ltd. v. Ferrara, 8 Misc.2d 819, 169 N.Y.S.2d 93 (1957). In its opinion in that case, the Court noted:

"The evidence abundantly established that the word Beefeater has definitely acquired a special or secondary meaning, and is identified in the public mind with the plaintiff's product. It is useless to discuss the historical origin of the word and its divers meanings. It is, of course, a familiar fact that for centuries the term Beefeater has been applied to the yeomen of the guard stationed at the Tower of London."

The above case and language quoted are not binding precedent on this Court, nor are they noted as such; however, both the holding and the reasoning represent a succinct statement which coincides with the position of this Court. Thus, the Court is of the opinion that the plaintiff's motion for summary judgment must be granted, as there is no substantial question of fact or law which precludes a judgment in favor of the plaintiffs.

The Court adopts the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. Plaintiffs are citizens of the State of New York and Great Britain. The defendant is incorporated under the laws of the State of Georgia and doing business in the City of Atlanta, Georgia.

2. This is a suit for infringement of a registered United States trademark

and trade name in which jurisdiction is derived from the trademark laws of the United States, more particularly upon 28 U.S.C.A. § 1338 (1958) and 63 Stat. 107 (1949), 15 U.S.C. § 1051 et seq. and § 1121 (1964), and derived further from the parties being citizens of different states and of a foreign state, and the matter in controversy exceeding $10,-000.00 exclusive of interest and costs. Venue is founded on 28 U.S.C. § 1391(c) (1958).

3. Plaintiff James Burrough Limited, hereinafter referred to as "Burrough", is a corporation duly organized and existing under the laws of England and maintains its principal place of business in London, England.

4. Plaintiff Kobrand Corporation, hereinafter referred to as "Kobrand", is a corporation duly organized and existing under the laws of the State of New York. Its principal place of business is at 134 East 40th Street, New York, New York.

5. Burrough suceeds to a family partnership established in 1820 by James Burrough. Since 1820, the family partnership and its successor corporation have been continually engaged in the distillation of high quality gin and liquors and the making of fine British wines in England. The business, which has been carried on to this day by the descendants of James Burrough, was incorporated in 1898 as a private limited liability company under the laws of England.

6. Prior to 1820, the name "Beefeater" had not been used for a gin. However, continually since 1820 James Burrough Limited and its predecessor have distilled a high quality London dry gin and have adopted and continually used the trademark and trade name "Beefeater" to identify their gin product. Since 1909 Beefeater Gin has been imported and sold by distributors in the United States and its sales are worldwide, including extensive sales in the State of Georgia, the City of Atlanta and vicinity thereof.

7. Trademarks pertaining to "Beefeater" Gin, including the name "Beefeater" as a trademark, were duly registered in the United States Patent Office in the name of plaintiff James Burrough Limited under the following numbers and on or about the following dates:

| Registration Number | Date |
| --- | --- |
| 308,053 | November 21, 1933 |
| 678,610 | May 12, 1959 |
| 678,608 | May 12, 1959 |

Plaintiff James Burrough Limited ever since has been and now is the owner of the trademarks and the said registrations thereof.

8. Since 1944, plaintiff Kobrand Corporation has been continually engaged in the importation and wholesale distribution of wines and spirits. In 1946 plaintiff Kobrand Corporation was appointed by plaintiff James Burrough Limited as the exclusive importer and distributors of Beefeater Gin throughout the United States. Plaintiff Kobrand Corporation is authorized by plaintiff James Burrough Limited, in connection with the importation and sale of Beefeater Gin, to use, promote and publish the trademark and trade name "Beefeater".

9. Beefeater Gin has been produced by plaintiff James Burrough Limited and its predecessor with great skill and care. James Burrough Limited has also expended large sums of money to maintain the uniformly high quality of its product through careful selection of the finest ingredients, continuous testing and the use of the most modern equipment and scientific methods of distillation. The result of this is that the sales of Beefeater Gin have grown to such an extent that it is now regarded as one of the foremost gin products in the world.

10. The trademark and trade name "Beefeater" have been and are continually being applied by James Burrough Limited to the gin produced by it. Said trademark and trade name are printed upon the bottles on which the product is sold and upon the cartons and packages in which the bottles are contained. Moreever, the trademark and trade name

"Beefeater" are used in advertising and in other literature of plaintiffs James Burrough Limited and Kobrand Corporation in connection with the distribution and sale of Beefeater Gin.

11. Kobrand Corporation, itself and through distributors, distributes Beefeater Gin wholesale to restaurants, cafes, bars and liquor stores throughout the United States. Since 1946, when Kobrand Corporation first commenced importation of Beefeater Gin, its sales of that product have grown phenomenally.

12. Since 1946 plaintiff Kobrand Corporation and its distributors have expended more than $11,000,000 in advertising, publicizing and promoting the sale of Beefeater Gin throughout the United States. Beefeater has been regularly and extensively advertised by plaintiff Kobrand Corporation in magazines having a national distribution, such as the following:

> The New Yorker
> Esquire
> Holiday
> Sports Illustrated
> Gourmet
> Time
> Playboy
> Show

There has also been advertising in the following newspapers having a national distribution:

> Wall Street Journal
> The New York Times
> New York Herald-Tribune

All of the aforesaid magazines and newspapers have a national circulation which includes the State of Georgia, City of Atlanta and vicinity thereof. Beefeater Gin is also advertised extensively in local publications such as the Atlanta Journal, the Atlanta Constitution, the Savannah Evening Press, the Albany Herald, the Brunswick News, and the Columbus Ledger Inquirer. This combination of national and local advertising has resulted in a consistent exposure of the trademark and trade name Beefeater to residents of Georgia and in identification with the name Beefeater with Beefeater Gin.

13. Beefeater has become the leading English gin sold in the United States and outsells all other imported gins by a very substantial margin. In 1960 the approximate retail value of Beefeater Gin sold in the United States was $25,920,000. In 1966 the approximate retail value of Beefeater Gin sold in the United States was $57,000,000. During the period 1960–1966, the aggregate retail value of Beefeater Gin sold in the United States exceeded $290,000,000. In 1966 the approximate retail value of Beefeater Gin sold in the State of Georgia exceeded three-quarters of a million dollars. Sales of Beefeater Gin in Georgia for the period December 31, 1964, through September 15, 1966, exceeded 14,900 cases having a retail value in excess of $1,150,000. For the period May 1955 through September 15, 1966, over 45,000 cases of Beefeater Gin were distributed in the State of Georgia.

14. As a consequence of the described diligent and long-continued efforts in producing and selling such gin product of the highest quality, including the extensive advertising and promotion thereof, plaintiffs James Burrough Limited and Kobrand Corporation have acquired a valuable good will among restaurateurs, owners of bars, retailers of liquors, and the general public throughout the City of Atlanta and vicinity thereof, the State of Georgia, and the United States, as the producer and distributor, respectively, of Beefeater Gin.

15. Both by reason of said large sums of money expended for advertising and other promotion and by reason of the high quality of the product, Beefeater Gin enjoys a reputation throughout the United States as a gin product of the highest quality, and the trademark and trade name of "Beefeater" have also come to be identified with the plaintiffs' product. In Georgia and elsewhere great numbers of persons order plaintiffs' product by the trademark and trade name of "Beefeater" not only when purchasing

packaged gin products but when ordering gin drinks at restaurants and bars.

16. By reason of said advertising and public acceptance and popularity of the product, the name "Beefeater" has acquired and now enjoys a secondary significance in the minds of restaurateurs, owners of bars, retailers of liquors, and members of the general public as denoting a gin product of the highest quality, produced by and only by plaintiff James Burrough Limited, and distributed by plaintiff Kobrand Corporation. This public acceptance of the product and acquired secondary meaning of the word "Beefeater" have given to the trademark and trade name "Beefeater" great value in excess of many hundreds of thousands of dollars.

17. Notwithstanding the adoption, use and advertising by plaintiffs of their aforesaid trade name and trademark, and the creation of the aforesaid public demand and good will created thereby, the defendant, incorporated under the name Beef/Eater Restaurants, Inc., on December 30, 1964, and uses plaintiff's trademark and symbol in connection with the operation of its restaurant business and extensively advertises its business under said name.

18. The described conduct of defendant in advertising, doing business and selling services and goods, through use of "Beefeater" as the most essential and identifying part of a trade name or style for their said restaurants, has naturally and proximately resulted, and unless enjoined will continue to result, in great and irreparable damage to plaintiffs. By that conduct defendant is appropriating to itself the extremely valuable good will that plaintiffs James Burrough Limited and Kobrand Corporation have created so carefully and diligently, and at so much cost; and not only is defendant thus obtaining undeserved values from a name made valuable by the efforts of plaintiffs, it is at the same time by its very use of plaintiff's name "Beefeater" diluting, blurring, or otherwise contributing to the destruction of the uniqueness and secondary meaning of "Beefeater" as identifying plaintiffs' product, which clear and strong identification and public acceptance made the rights in the name valuable to plaintiffs. The public has been or is likely to be confused, misled and deceived by defendant's conduct into the belief that the defendant, through its use of the name "Beefeater", as aforesaid, has been or is in some way associated, connected with or sponsored by or approved by the plaintiffs.

19. Defendant's president, Seymour Cristal, owns the Spring Street Liquor Store located at 929 Spring Street and has owned and operated liquor stores in Atlanta since 1938. Defendant's office is located in the liquor store at 929 Spring Street and the telephone number of defendant's restaurants is the same number as the liquor store. Defendant's president and his son, Bernard Cristal, defendant's director and manager, were both familiar with Beefeater Gin and plaintiffs' trademark prior to use of the name "Beefeater" by defendant.

20. Defendant was notified on March 11, 1965, of plaintiffs' rights with respect to the name and trademark "Beefeater" and that defendant's use thereof constituted an infringement of plaintiffs' rights in and to said trademark and unfair competition with plaintiffs. The letter requested defendant to cease and desist in this use. Notwithstanding said notice, defendant has continued to use the name "Beefeater" or "Beef/Eater" as its corporate name and as a mark for identifying defendant's restaurants and advertising same. Since defendant received notification, it opened up three restaurants located respectively at: 3384 Shallowford Road at the Buford Highway, Chamblee, Georgia; 1960 Perkerson Road, S. W. at Sylvan Road, Atlanta, Georgia; and, 3304 Buford Highway at Northeast Plaza, Atlanta, Georgia, and operates under the trade styles Beef/Eater, Beefeater, and Beefeaters. Defendant presently owns and operates four restaurants under the hereinbefore mentioned trade styles and is considering registration of the name "Beefeater" as

a trademark for possible expansion in the restaurant business outside of the State of Georgia.

21. Defendant's menu contains a description of the "Beefeater" which description is nearly word for word from the description of the "Beefeater" which appears on the label on the reverse of Burrough's Beefeater Gin.

22. The use of the word Beef/Eater, Beefeaters, Beefeater and the Beefeater Guard Symbol by defendant in connection with its restaurants is so similar to plaintiffs' trade name Beefeater and registered trademarks Beefeater and the Beefeater Guard Symbol that confusion is likely to result so as to cause the public erroneously to believe that the defendant's restaurants are in some manner connected with the plaintiffs and, unless enjoined, the likelihood of confusion will increase.

23. The use by defendant of its corporate name, trade name and trade style which are practically identical to plaintiffs' trade name and registered trademarks is prejudicial to the integrity of plaintiffs' said trade identification and has permitted and is likely to permit the defendant and others to appropriate and dilute the valuable good will and reputation which plaintiffs have created therein.

24. Said use by the defendant of the name Beefeater, Beefeaters and Beef/Eater and the Beefeater Guard Symbol in connection with its restaurants constitutes unfair competition with the plaintiffs, and such continued use by defendant will impair plaintiffs' reputation and dilute the distinctive quality of plaintiffs' registered trademarks.

25. Defendant's use of the term "Beefeater", "Beefeaters", and "Beef/Eater" and the Beefeater Guard Symbol in its corporate and trade name constitutes an infringement upon plaintiffs' rights, such use being in violation of the exclusive rights to the use of Beefeater and the Beefeater Guard Symbol as established by plaintiffs' Federal trademark registrations.

26. The use by defendant of the name Beefeater, Beefeaters, and Beef/Eater and the Beefeater Guard Symbol as a corporate name, trade name and trade style, said names and symbol being practically identical to the plaintiffs' trade name and registered trademarks is prejudicial to the integrity of plaintiffs' said trade identification and has permitted and is likely to permit defendant and others to dilute the valuable good will, reputation and distinctive quality which plaintiffs have created therein.

CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action, being derived from the trademark laws of the United States (Lanham Act, 15 U.S.C. § 1051, et seq.) and from the fact that the parties are citizens of different states and of a foreign nation and that the amount in controversy exceeds $10,000.00 exclusive of interest and costs. [28 U.S.C. § 1332 (1958); 28 U.S.C. § 1338 (1958)].

2. Venue is properly laid in this district pursuant to Section 1391, Title 28, United States Code.

3. Plaintiffs' Federal registrations of Beefeater and the Beefeater Guard Symbol are valid and subsisting and establish their statutory right to the exclusive use thereof in connection with gin and related products and businesses.

4. The Court finds that there is no genuine issue as to any material fact, and on the facts shown plaintiffs are entitled to judgment as a matter of law.

5. The defendant's use of the word "Beefeater", "Beefeaters", and "Beef/Eater" and the use of the Beefeater Guard Symbol in connection with its restaurants, including services and goods dispensed therefrom, is an infringement of plaintiffs' right to enjoy the exclusive use and benefit of its trade name Beefeater and registered trademarks Beefeater and the Beefeater Guard Symbol in violation of the Lanham Act.

6. Plaintiffs possess valuable rights in the word "Beefeater" and its symbol of the Beefeater at common law, and the

said use by defendant in connection with its restaurants, including services and goods dispensed therefrom, is such as to make it likely that confusion will result as to cause the public erroneously to believe that the restaurants are somehow related to the plaintiffs through ownership, sponsorship or endorsement.

7. Defendant's use of the word "Beefeater," "Beefeaters", and "Beef/Eater" and the symbol of the Beefeater that it uses dilutes the distinctive qualities of the plaintiffs' registered trademarks.

8. Plaintiffs are entitled to a judgment permanently enjoining defendant from using the word Beefeater, Beefeaters and/or Beef/Eater, the symbol it is now using, or from using any similar name or variation of the trademark and trade name Beefeater and from using the Beefeater Guard Symbol in any way in connection with defendant's business and from using any name or word which may be calculated to in any way cause plaintiffs or Beefeater Gin to be identified as being in some way associated with defendant's business.

It is so ordered.