**JOHNSON & JOHNSON, a corporation, Plaintiff,**

v.

**Manuel G. DIAZ and Rosario Diaz, individually and as co-partners, d.b.a. Johnson Laboratories, Defendants.**

Civ. No. 71–252.

United States District Court, C. D. California.

Nov. 3, 1971.

Theodore H. Lassagne, Los Angeles, Cal., Naylor & Neal, James M. Naylor, San Francisco, Cal., for plaintiff.

Jessup & Beecher, Keith D. Beecher, Los Angeles, Cal., for defendants.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

KELLEHER, District Judge.

This is an action for damages and for injunctive relief alleging trademark infringement and unfair competition under the Trademark Act of 1946, 15 U.S. C. § 1051 et seq., based on defendants' labeling, manufacturing and selling a toilet water product, "AQUA DE CO-LONIA, JOHNSON" and their use of the trade style, "JOHNSON LABORA-TORIES" in the identification of their business.

Both parties have signed and lodged with the Court a revised proposed pretrial order which recites that there are no issues of fact remaining to be litigated at trial and upon defendants' motion for summary judgment and plaintiff's renewed motion for summary judgment have, after argument, submitted the cause for determination by the Court.

Plaintiff is a large and long established firm engaged in the manufacture and nationwide sale of surgical dressings, pharmaceutical preparations, cosmetics, toiletries and related products which are sold to the medical, dental, veterinary and nursing professions and to the general public through a variety of wholesale and retail outlets, including drug and grocery stores, which generally sell related cosmetic and toiletry items, as well. In the course of its business, plaintiff has expended substantial sums for advertising and has registered the trademarks "JOHNSON"[1] and "JOHNSON's"[2] for various of its powder, cream, lotion and oil, soap, shampoo, topical antiseptic and related products, though none of plaintiff's trademarks specify cologne water as a product to which these trademarks apply. Plaintiff has advertised and promoted use of these products by persons of all ages.

Defendants are Cuban immigrants to this country residing in Culver City, California. Prior to April 15, 1968, they conducted a business as co-partners under the name and style "Zaid Products Co." Since that time, however, defendants have styled their business "JOHNSON LABORATORIES" and have engaged in the manufacture and sale of a toiletry item, cologne water, for use as an after shave and after bath preparation under the name and label "AQUA DE COLONIA, JOHNSON," which was registered July 21, 1970, on the Supplemental Register of the United States Patent Office for cologne, No.

1. United States Patent Office Registration Nos. 635,697 (October 9, 1956), 637,311 (November 13, 1956), 648,682 (July 16, 1957).

2. United States Patent Office Registration Nos. 88,088 (August 27, 1912), 396,705 (July 28, 1942), 400,154 (February 16, 1943), 533,626 (November 21, 1950), 564,-706 (September 30, 1952), 620,110 (January 24, 1956), 677,456 (April 21, 1959), 728,955 (March 20, 1962), 813,344 (August 23, 1956).

895,254. In the production and packaging of their product, defendants have duplicated the formula and labeling formerly employed by a pharmacist in Havana, Manuel Johnson, now deceased; this product was, at one time, well known and widely sold in Cuba but is no longer being produced. Defendants distribute their product solely to Cuban markets and other retail outlets which cater primarily to what the parties have termed the Cuban refugee trade in the United States.

## PROPRIETY OF SUMMARY JUDGMENT

The federal remedy provided for in the Trademark Act is, of course, not plenary. Nonetheless, neither side herein contends that there are any disputed factual issues for resolution by the Court nor have defendants presented a substantial factual question to preclude granting of the relief sought, and since the present record, as embodied in the revised proposed pretrial order and approved by both sides, furnishes ample basis for the conclusions hereafter stated, plaintiff is entitled, as a matter of law, to summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. James Burrough Limited v. Beef/Eaters Restaurants, Inc., 272 F. Supp. 489, 490 (N.D.Ga.1967), affirmed 398 F.2d 637, 639 (5th Cir. 1968). Venetianaire Corp. of America v. A & P Import Co., 302 F.Supp. 156, 158 (S.D. N.Y.1969).

## LIKELIHOOD OF CONFUSION

The gravamen of plaintiff's action, like all trademark cases, is that defendants' use of their mark on a product related to and closely identified with plaintiff's cosmetic and toiletry line creates a likelihood of confusion between the parties' respective products in the minds of potential purchasers. 15 U.S. C. § 1114(1). Viewing the defendants' trademark in its entirety and in comparison with plaintiff's marks, the Court

concludes that use of the surname "JOHNSON" and style "JOHNSON LABORATORIES" to indicate the brand and source of defendants' product in a type face identical to that used in plaintiff's trademarks likely will create among potential purchasers the commercial impression that defendants' cologne water is one of the many items in plaintiff's broad line of cosmetic and toiletry products. Likelihood of confusion, however, is to be determined not alone from visual comparison of the trademarks in question, but also from significant extrinsic facts such as the type of goods, Sleeper Lounge Co. v. Bell Mfg. Co., 253 F.2d 720, 722, 723 (9th Cir. 1958), classes of prospective purchasers, Paul Sachs Originals Co. v. Sachs, 325 F.2d 212 (9th Cir. 1963), competitive relationship of the parties, L. Nachman & Son, Inc. v. E. Lasner, Inc., 263 F.2d 342, 344 (C. C.P.A.1959), trend towards expansion in the relevant trade, industry or line of merchandising, Avon Shoe Co. v. David Crystal, Inc., 171 F.Supp. 293, 298, 299 (S.D.N.Y.1959) and other facts which must, in order to justify the relief here sought, give rise to something more than a remote possibility of confusion, Fram Corp. v. Boyd, 230 F.2d 931, 934 (5th Cir. 1956).

## CLASSES OF PURCHASERS AND COMPETITIVE RELATIONSHIP

Defendants lay great stress on the fact that their particular cologne water is explicitly imitative of a similar product formerly marketed in Cuba under the name Johnson and that defendants limit their sales to the submarket of Cuban immigrants and refugees residing in the United States. Plaintiff correctly argues, on the other hand, that prior use of a trademark in a foreign country does not entitle its owner to claim exclusive trademark rights in the United States against one who, in good faith, has adopted a like trademark of the same character prior to entry of the foreigner into the domestic market, Le Blume Import Co. v. Coty, 293 F. 344

(2d Cir. 1923), Coty, Inc. v. Parfums De Grande Luxe, 298 F. 865 (2d Cir. 1924), cert. denied, 266 U.S. 609, 45 S.Ct. 94, 69 L.Ed. 466 (1925), hence, the fact of prior use in Cuba of a trademark similar to defendants' is not, itself, a defense to this action. Similarly, the rights of one who has, in good faith, appropriated a trademark in a foreign country are not affected by the fact that such appropriation, if made in the United States, would have been an infringement of the trademark of a prior user. Greyhound Corp. v. Goberna, 37 F.Supp. 171 (S.D.Fla.1941). Only as it may negate the likelihood of confusion does the fact of prior use in Cuba become material to this action.

Counsel have cited no cases, and the Court has located only one which bears substantial resemblance to the peculiar factual situation here presented. In Moxie Co. v. Noxie Kola Co. of New York, 29 F.Supp. 167 (S.D.N.Y.1939), defendants manufactured and sold a carbonated soft drink under the name "Noxie Kola," which their predecessor had registered in Canada for a "temperance drink—nerve tonic and blood purifier;" plaintiffs who manufactured and sold a soft drink in the United States known as "Moxie" were granted injunctive relief for infringement. In holding the products related, the court, in *Moxie* relied most strongly on facts which are not altogether present herein: (1) complete identity in the nature and function of the two products, (2) similarity of distributive outlets, (3) proof that defendants were well aware of plaintiff's use of the word "Moxie" prior to the adoption of the infringing mark, and, (4) proof that, generally both products had appeal for and were marketed to consumers, defendants' sales not being limited to any particular ethnic, racial, national or cultural submarket in the United States associated with their mark's country of origin.

Despite the absence of completely similar facts in the present case, the Court is persuaded that defendants' use of their mark is no less an infringement than was the case in *Moxie*. No simple or routine formula exists for determining whether goods are sufficiently related so that use of similar trademarks constitutes infringement within the meaning and purposes of the Trademark Act, Procter & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A. 1433; Younghusband v. Kurlash Co., 94 F.2d 230, 25 C.C.P.A. 886; In re Southern Metal Products Corp., 99 F.2d 761, 26 C.C.P.A. 725, and the Court must, therefore, examine the competing marks and the products for which they are registered in light of their commercial environment.

■ Toiletry and cosmetic items embrace a broad range of products and are widely purchased and used by large numbers of the general public for a variety of purposes. Though many of the products differ materially in their characteristics and functions, they are very frequently sold in the same outlets; indeed, the products of many manufacturers of such items are often sold along side one another. In a commercial setting of this type, potential purchasers are more adequately protected and purposes of the Act better effectuated by an expansive, rather than restrictive, definition of the product-market relationship. Daggett & Ramsdell, Inc. v. Procter & Gamble Co., 275 F.2d 955, 47 C.C.P.A. 844. Lactona, Inc. v. Lever Bros. Co., 144 F.2d 891, 32 C.C.P.A. 704. Lever Bros. Co. v. Thrift-D-Lux Cleaners, Inc., 263 F.2d 842, 46 C.C.P.A. 798. Purex Corp., Ltd. v. Maryland Paper Products Co., 287 F.2d 186, 48 C.C.P.A. 848. Skol Co., Inc. v. Olson, 151 F.2d 200, 33 C.C.P.A. 715. Malone v. Horowitz, 41 F.2d 414, 17 C.C.P.A. 1252. Judged by such a standard, the Court agrees with plaintiff that there can be no genuine issue of fact that cologne water is a product closely related to plaintiff's line of cosmetics and toiletries.

In finding that the products here involved are commercially related, the Court does not ignore the fact that plaintiff does not manufacture or sell cologne water as such, or that none of its trademarks registrations specify cologne water as a product to which they apply, but considers that these facts are outweighed in this case by the fact that retail outlets selling plaintiff's cosmetics and toiletries, as a general rule, also sell a broad line of other toiletries, including, for the most part, cologne waters.

Defendants' restriction of their sales to the so-called Cuban trade is not sufficient to negate the Court's finding of likelihood of confusion: (1) Mere marketing practices are subject to change; indeed, one might well imagine that the success of defendants' enterprise in sales to a restricted submarket would provide both an incentive and the wherewithal necessary to expand the range of their marketing outlets, there being nothing in the nature of cologne water to prevent defendants from engaging in nationwide competition with plaintiff nor, by the same token, anything to prevent plaintiff from expanding its product line to include the manufacture and sale of cologne water. J. C. Hall Co. v. Hallmark Cards, Inc., 340 F. 2d 960, 52 C.C.P.A. 981. (2) Though no direct evidence was presented, the Court is not inclined to find that the retail outlets through which defendants sell may not also sell plaintiffs' products such that defendants' use of the "JOHNSON" trademark does not raise a likelihood of confusion even in the so-called Cuban submarket.

This opinion shall be deemed to constitute Findings of Fact and Conclusions of Law.

Upon the foregoing, it is ordered that plaintiff's renewed motion for summary judgment be and the same is hereby granted and that defendants' motion for summary judgment be and the same is hereby denied.